## JOHN H. STERRETT v. THE CITY OF HOUSTON.

There is nothing in the Constitution of the United States, which is inconsistent with the exaction of pay in the nature of wharfage, from steamboats using wharves erected upon the banks of our bays and rivers.

In an action against the owner of a steamboat, by the city of Houston, for wharfage dues, a plea that the right to collect wharfage, given to said city by its charter, was upon condition that the wharfage should be applied to the improvement of Buffalo Bayou, and that the city had for a long time, to wit : &c., collected said wharfage and failed to apply any part thereof to the improvement of the navigation of said Bayou, which much needed improvement, was held to be bad.

In an action against the owner of a steamboat by the city of Houston, for wharfage dues, it was held that the defendant might plead in reconvention damages sustained by his steamboat in the navigation of the Bayou above Harrisburg, it being alleged by the defendant that by the terms of the city charter, by virtue of which the wharfage was demanded, the wharfage was to be expended in the improvement of that part of the Bayou, and that the city had for several years past (stating the time) collected the wharfage and expended it for other purposes, permitting the Bayou to become obstructed with logs, stumps, overhanging trees, &c., and that by reason thereof, on divers occasions, the defendant's steamboat received damage, he giving a particular statement of injuries and cost of repairs.

In this case it was held that a grant to a municipal corporation, contained in the charter thereof, of the power to erect a wharf and collect wharfage, was a private Statute, and must be pleaded as such.

Appeal from Harris. The petition sought to recover on al-

legation of the fact that the defendant had used the wharf and refused to pay the wharfage imposed by the ordinances of the city, and did not plead the charter.

The defendant's plea of reconvention was as follows:

And this defendant further alleges, that by an Act supplementary to an Act " entitled an Act to incorporate the city of Houston and other cities therein named, approved on the 28th of January, 1839," of the Republic of Texas, approved February 5th, 1840, among other things it was enacted, that the Mayor and City Council of said city have the power to con-" struct wharves, on the banks of the Buffalo Bayou, within the " limits of the corporation of said city, and such other improve-" ments as may be necessary for the better navigation of said " Bayou, and for the convenience of landing vessels and their " cargoes, and to lay contributions upon all such vessels and " cargoes as may land at the said wharves, and to collect the " same to defray the expenses thereof;" and that by a further Act " to authorize the corporation of the city of Houston to remove obstructions in the Buffalo Bayou, interfering with the navigation thereof," passed by the Congress of the Republic of Texas, and approved 29th of January 1842, it is among other things enacted that the corporation of the city of Houston, " is " given full power and authority to take such steps to preserve " and improve the navigation of the said Buffalo Bayou, above " the town of Harrisburg, as they may think proper, and for " that purpose they are authorized to levy and collect a tax on " all steamboats and other crafts running said Bayou, for the " purpose of improving the navigation thereof." And this defendant alleges that said corporation accepted of said Acts, with the rights, powers and privileges thereby conferred and the duties thereby imposed, and acting under said Acts has been levying and collecting taxes and contributions upon vessels and steamboats running said Bayou and landing at the wharves of said city, whereby said city became liable and were bound by law to take the necessary steps to pre-serve and improve the navigation of the said Buffalo Bayou

above the town of Harrisburg.   And your petitioner alleges
that said Buffalo Bayou was at the time of the passage of said
Acts and still is a navigable stream, and the only source of wa-
ter communication between the city of Houston and Galveston
Bay, which, before the passage of said Acts was, a long time
had been, and still is, the right of all persons, with their boats
and other property to pass up and down.   And this defendant
alleges that said corporation has levied and collected annually,
since the passage of said Acts, upon cargoes, steamboats and
other vessels landing at said wharf, a wharfage tax amounting
to the sum of twelve thousand dollars per annum, which said
sums of money were sufficient to have greatly improved the na-
vigation of said Buffalo Bayou, above the town of Harrisburg,
and to have placed and kept said Bayou clear of all obstruc-
tions and in a good navigable condition, and this defendant
alleges that said corporation was bound in law and duty to have
laid out and expended said money for said purposes.   But this
defendant alleges, that said corporation is nowise ignorant of
the premises, but unmindful of its duty in this behalf, has, for
a long time heretofore, to wit : for the term of five years, omit-
ted and neglected to preserve and improve the navigation of
said Bayou above the town of Harrisburg, but has unlawfully
expended said sums of money, received as wharfage tax, for
other purposes and permitted said Bayou to become and remain
obstructed, choked and filled up with logs, trees and other sub-
stances, and greatly obstructed by overhanging trees, and limbs,
and projecting stumps, upon the banks of said Bayou, so that
said Bayou was rendered and is now almost impassable, be-
tween the towns of Houston and Harrisburg, whereby this de-
fendant has been greatly damaged and injured, and put to great
cost, expense and trouble, in endeavoring to navigate said
Bayou with his steamboat, the "Neptune," from the 2d day of
February to the 21st of April, 1853.   That on account of said
obstructions in and about said Bayou, above the town of Har-
risburg, at the time aforesaid, this defendant has been damaged
in the sum of three hundred and twenty-two 25-100 dollars by

his said steamboat being broken and torn to pieces by said obstructions being so permitted by said corporation to remain in said Bayou, and immediately upon the banks thereof, and by being delayed and detained by said obstructions, a bill and account of which damages, together with the dates at which the same occurred, is hereunto annexed, and prayed to be taken as a part of this answer. Defendant says that his said boat was of dimensions suitable and well adapted to the navigation of said Bayou, and that this defendant at all times used and exercised due and proper diligence, prudence and precaution, to avoid all such accidents. That notwithstanding said prudence and precaution, used on the part of this defendant, said damages, specified in the bill annexed, occurred, and wholly without any negligence on the part of this defendant, but that said damages were occasioned by the neglect of plaintiffs to preserve and improve the navigation of said Bayou, as they were bound by law to do. Wherefore defendant pleads said damages in recomptment and reconvention, and prays judgment against the plaintiffs for said damages, and all costs by this defendant unlawfully sustained, and such other aid and relief, as he may be in law and equity entitled to.

*Palmer & Jordan*, for appellant.

*Jones & Ballinger*, for appellee.

LIPSCOMB, J. This suit was brought to recover a certain amount of wharfage dues from the appellant, as master of the steamer Neptune. The dues were imposed by the ordinance of the corporative authorities, under their charter.

The first objection, assigned by the appellant, is, that the ordinances imposing these dues, ceased to be valid and operative when Texas became a member of the United States Confederacy; that the authority to enforce such ordinances is repugnant to the Constitution of the United States, because the imposition

of such dues is really imposing tonage duties, inhibited by the Constitution of the United States. We cannot so regard it. We consider it as merely regulating the compensation that owners and masters shall pay for the use of a wharf belonging to the corporation. And the Constitution does not assume to interfere with such right. The owners of the banks of our rivers and bays may, at considerable expense, make them convenient and useful to ship masters, and the right to compensation would result from the use of those conveniences.

The charter of the city certainly limited the imposition of these dues to the specific object of improving the navigation of the Bayou, between Harrisburg and the City of Houston, and the wharves. If, however, the corporation has levied the dues, and failed to make a proper application of them, or made a misapplication of them, the fact of such failure to apply them, or misapplication of them to other objects, would not afford a defence to the payment of the dues, until the corporation had been restrained from the collection of them by an order or adjudication having that object directly in view. But if the corporation has failed to apply the funds so collected, to the specific object for which they were levied, and such neglect has resulted to the injury of any one navigating the Bayou, the corporation would certainly be liable to make compensation for such damages; I mean if a faithful application of the funds so collected would have averted the injuries or loss; and this brings us to the consideration of the plea of reconvention, pleaded by the appellant and overruled by the Court below.

This plea sets up a loss by damage to the defendant's steamer, that would not have occurred, had the money, as it is alleged, collected for that purpose, been applied to the improvement of the navigation of the Bayou. If the allegations contained in the plea are true, the defendant was entitled to conpensation, and that compensation could well be set up by the plea of reconvention. (Cannon v. Hemphill, 7 Tex. R. 184 ; Walcott v. Hendrick, 6 Id. 406 ; Egery v. Power, 5 Id. 501.) For the error in striking out the plea of reconvention, the judgment is reversed and the cause remanded.

It has been suggested that the amendment to the charter of the corporation, authorized a different application of the proceeds of wharfage money. If so, it has not been brought to our consideration by the record, or the brief on the part of the corporation. There may be such a private Act; and if so, it will be considered, on the trial below, how far the plea in reconvention may be affected by the Act of amendment. As the pleading stood on demurrer, the plea was good, and ought to have been answered, and not demurred to.

Reversed and remanded.