## STERLING T. SEAWELL v. J. & A. LOWERY.

Where, on the death of the defendant in an attachment, a garnishee was appointed administrator, and filed a separate answer in each capacity, but prayed a writ of error in his capacity of administrator only, it was held that he could not assign errors in his capacity of garnishee.

Where the trustee in an assignment for the benefit of creditors, was summoned as garnishee, and, the defendant dying, was appointed administrator, and answered in both capacities, but, judgment being rendered against him, prayed a writ of error in his capacity of administrator only, the Court said, And if, as he (the plaintiff in error) now insists, the assignment was a legal and valid conveyance, devesting the title of his intestate and vesting it in the assignee for the benefit of creditors, the property so conveyed cannot be assets in his hands, and he had no right to the possession of it as administrator. If, on the other hand, the conveyance was fraudulent and void as to creditors, the fraudulent vendor, or assignor, could not take advantage of the fraud, or avoid his own deed on that ground; nor, it has been held by this Court, could his administrator.

See this case as to the necessity of a statement of facts or bill of exceptions.

Where the entry is so indefinite as to leave it uncertain which of two pleas was struck out, and there is no exception, motion, statement of facts, bill of exceptions or other matter in the record, by which the entry can be made certain, the ruling will not be revised on error.

Quere? where the parties are both non-residents, and an attachment is obtained and levied on property which is ordered to be sold in satisfaction of the judgment, whether it would be a fatal objection, that the petition did not allege that the defendant had property subject to the attachment.

In a suit on a promissory note, an affidavit of the amount due from the defendant to the plaintiff is a substantial compliance with the statute which requires the petition to be sworn to, where attachment and other similar process is sought.

Error from Calhoun. Suit to Spring Term, 1854, by the appellees, of the city of New York, against William R. Rawlins, late of Calhoun county and State of Texas, and now a resident of the State of Louisiana, on a promissory note dated New York, and payable at New Orleans; no allegation of

property in this State, but prayer for attachment against the property of defendant; affidavit of the amount due, &c.; bond; writ of attachment levied on lots 1, 2, 7 and 8 in block 84, in the city of Indianola, County of Calhoun, &c.; allegation that Sterling T. Seawell and others, of said county, are indebted to said Rawlins, and prayer for writ of garnishment; Seawell and others cited as garnishees; Spring Term, 1854, death of Rawlins suggested; Seawell answers as administrator of Rawlins, by a general denial, and prayed that he have leave to administer the property attached and garnisheed, as in other cases; same day Seawell answers as garnishee, admitting the possession of certain property, including the property attached, and pleading an assignment thereof by Rawlins to him in trust for the payment of a schedule of debts, including the one sued on. The assignment and schedules of the property and debts were attached. The assignment covered the balances on the books of said Rawlins, who had been a merchant. The cause coming on for trial, on motion of plaintiff's counsel "it is "ordered that the second plea, of the defendant Seawell, be "stricken out of the pleadings, and the parties having waived "a jury, the Court having heard and considered the evidence, "decreed that the plaintiffs recover of the defendant the sum "of sixteen hundred and ninety-eight dollars and ten cents and "all costs, &c.; and it is further ordered, adjudged and de- "creed, that an order of sale issue commanding the Sheriff to "sell and convey the property seized under the attachment in "this cause, as under execution, to satisfy the judgment ren- "dered herein; and that Sterling T. Seawell be receiver and "commissioner to receive and collect all the claims and de- "mands shown and exhibited by the garnishees in this cause; "and that after the payment of all the reasonable expenses of "collection, he appropriate the residue to the discharge of "whatsoever balance may remain unsatisfied of the judgment "herein, after the sale of the property attached, and that he "account to this Court how he has executed this trust."

Seawell v. Lowery.

Petition for writ of error by Seawell as administrator of Rawlins.

There was no statement of facts nor bill of exceptions.

The assignment of errors was as follows :

1st. The petition was not sworn to, as required by law, and the prayer of the garnishee to set aside and dismiss the attachment was refused.

2nd. The answer of the garnishee was uncontroverted by the parties and disregarded by the Court.

3rd. After the administrator had been made a party to the record, judgment was rendered against the property and a sale thereof ordered as upon a proceeding *in rem.*

4th. The Court refused to uphold a trust, valid upon its face, and which stood unimpeached by any allegation or proof of its invalidity, from any cause whatsoever.

5th. That the Court refused to set aside the attachment and garnishment and release the property seized, as prayed for by Seawell, when the record showeth that the orignal petition was not sworn to, and the writs of attachment and garnishment were void.

6th. That by the proceedings it appeared that the property seized had long before the seizure been sold and conveyed in trust for the payment of debts, and was not subject to seizure or sale, as made and ordered by the Court.

7th. That by the proceedings and judgment aforesaid, the rightful jurisdiction and cognizance of the Probate Court was improvidently interferred with, and unlawfully ousted, and the legal course of administration annihilated.

8th. There is no allegation or proof contained in the record to support the seizure by attachment, nor to warrant the judgment against and sale of the property ; and the judgment, instead of being conformitory with the allegations and proof, is unsupported and contradicted by both.

9th. The judgment is for the defendant in error, when it ought to have been for the plaintiff in error.

*Seawell & Baldwin*, for plaintiff in error.

*Stockdale* and *Merriman*, for defendants in error.

WHEELER, J. It appears by the record, that the plaintiff in error answered to the action, in separate answers, and in the two distinct capacities of administrator and trustee. He prosecutes this writ of error in his capacity of administrator, and not as trustee, or assignee in the deed of assignment for the benefit of creditors. The two capacities are as distinct as if attached to different persons. It is clear that the administrator of Rawlins cannot assign errors in the judgment against the assignee. And if, as he now insists, the assignment was a legal and valid conveyance, devesting the title of his intestate and vesting it in the assignee for the benefit of creditors, the property so conveyed cannot be assets in his hands, and he had no right to the possession of it as administrator. If, on the other hand, the conveyance was fraudulent and void as to creditors, the fraudulent vendor, or assignor could not take advantage of the fraud, or avoid his own deed on that ground ; nor, it has been held by this Court, could his administrator. (Cobb v. Norwood, 11 Tex. R. 556.)

It is unnecessary to enter upon an examination of all the questions, discussed in argument by the plaintiff in error, for the reason that they are not presented by the record in a manner to require revision. There is no bill of exceptions or statement of facts. The record discloses but a single ruling of the Court, upon any question of law, arising in the progress of the cause : that is the striking out of the defendant's " second plea ;" and that is not specially assigned as error. But if the assignments of error may be held to embrace it, we are not informed which of the answers filed in the case was intended. Both were filed of the same date, and there is nothing in the record to indicate which of them it was that was stricken out. The Clerk, in copying them into the record, must necessarily

give one the precedence, in order. But the mere fact of his adopting a certain order in making out the transcript, is no evidence that the answers were presented to the Court below in the same order. The rights asserted in them were adverse. Both could not be maintained. We are left to conjecture which of them it was, that was stricken out. And nothing can be better settled, than that, to authorize a reversal of judgment, it must certainly appear that the Court has erred, and in what particular it has erred. It must not be left to conjecture; but the party asking a reversal, as has been significantly said, must put his finger on the error. The assignment of errors is expressed in very general terms, and without a direct and certain application to the particular rulings complained of; for the reason, doubtless, that it does not appear by the record what rulings there were in the case. The same reason will prevent this Court from attempting their revision.

If it were necessary, to entitle the plaintiff to his judgment, that he should allege that the defendant had property, subject to the attachment or garnishment, he has done so, in what is styled his " prayer for garnishment ;" which is in the nature of an amendment of his petition, and must be so taken and considered.

It was not necessary that the petition should have been sworn to. The affidavit, upon which the attachment issued, contained the substantive traversable matter of the petition ; and this has been held a compliance with the statute. (Morgan v. Johnson, lately decided at Austin, (15 Tex. R. 568,) and see Schrimpf v. McArdle, 13 Tex. R. 368.)

We are of opinion that there is no error in the judgment ; and it is affirmed.

Judgment affirmed.