## PLUMB v. WOODMANSEE.

1. **Attachment:** SUIT ON BOND: DAMAGES. In an action on an attachment bond, the damages recoverable are, where the suing out of the writ was not willful and malicious, confined to actual compensation for the wrong done, and restricted to its immediate consequences.

2. —— APPLICATION OF THE RULE. It is accordingly *held*, where a writ of attachment was levied upon a house which was being taken to pieces for removal to, and erection upon, other premises, that, in an action on the bond, the plaintiff could not recover for damages caused to furniture removed from the building before the levy of the writ, by reason of its being exposed, in consequence of plaintiff being prevented or delayed by the attachment from rebuilding the house on the premises to which it was to be removed, and in which the furniture was to be placed.

3. —— Nor could he recover the additional expense incurred in building a new house on the premises on which he intended to reconstruct the one levied upon.

4. —— Nor for the rental value of the house per month before he commenced taking it down ; nor for what its rent would have been worth if he had been permitted to remove and rebuild it ; nor for loss of time by being deprived of the use of the house.

5. —— ATTORNEY'S FEE. Nor are attorney fees paid by plaintiff for defending the attachment suit, recoverable in such action.

*Appeal from Mills Circuit Court.*

FRIDAY, MARCH 29.

THE plaintiff instituted suit in the Mills circuit court against the defendant on a promissory note, and obtained an attachment upon the ground that defendant had disposed of his property in part, with intent to defraud his creditors. The attachment was levied upon a " wood building, the property of A. S. Woodmansee." The defendant filed his answer, admitting the claim of plaintiff for the amount of the note, but asking against said plaintiff, by way of coun-

Plumb v. Woodmansee.

ter-claim on the attachment bond, the sum of $450, for the alleged wrongful and malicious suing out of the attachment, and setting forth the following specifications of damages:

1. Injury to household and kitchen furniture, beds and bedding, and other household goods....... $15
2. Extra cost in board for family on account of said attachment.............................. 40
3. Use and value of possession of property attached, ten months ............................. 40
4. Value of property attached, which was taken from possession of defendant.................... 200
5. Attorney's fees in defending the attachment proceedings and the defense ................... 35
6. Loss of time to defendant, occasioned by being deprived of the use of the property attached during the pendency of the attachment........ 100
7. Loss and expenses, in the way of time and attention to this suit........................... 25

The answer avers that the attachment was wrongful and malicious, and so known to be by the plaintiff; that the ground upon which it was obtained was not true, and that the plaintiff had no reasonable grounds or probable cause to believe it true; that at the time of said levy defendant had just moved all his household goods from said house, and placed them in a temporary shelter on another tract of land to which he was then in the act of moving said house, which had been partly taken to pieces for that purpose; that if said levy had not occurred, his house would have been erected upon the new premises within such a time as would not have permitted injury to him; that in consequence of such attachment under such circumstances he was injured as shown in the items of damages; that in consequence of said attachment he was compelled to spend time in building a new house, and to

buy lumber therefor; and that in consequence of said wrongful act of plaintiff, defendant has sustained damages as claimed.

Plaintiff replied, admitting that defendant had been occupying said house; that he had removed his goods and chattels therefrom, prior to the levy, and that he was about to remove said house, and that defendant had not been in possession thereof since the levy; and denying all the other allegations in the answer.

Jury trial. Verdict for plaintiff for $66.17; and special verdict as follows:

" 1. How much is due plaintiff from defendant, on the note set out in plaintiff's petition ? "　" A. $83.40."

" 2. Did the plaintiff Plumb, on the 13th day of December, 1869, have reasonable grounds for believing that defendant, Woodmansee, had disposed of his property, in part, for the purpose of defrauding his creditors ? "　" A. Yes."

" 3. Was the plaintiff, Plumb, actuated by willful and malicious motives against the defendant at the time he procured the issuance of the writ of attachment, on the 13th of December, 1869 ? "　" A. No."

" 4. Was the writ of attachment wrongfully sued out by plaintiff against the defendant, on the 13th day of December, 1869 ? "　" A. Yes."

" 5. What amount of damages, if any, has the defendant sustained by the reason of the wrongful, if wrongful, suing out of the attachment on the 13th day of December, 1869 ? "　" A. $17.23."

Motion in arrest of judgment and for new trial overruled. Judgment for plaintiff for $66.17, and costs. Defendant appeals. The necessary facts appear in the opinion.

*Hale & Stone* for the appellant.

*Watkins & Williams* for the appellee.

Plumb v. Woodmansee.

DAY, J. — I. The questions presented for our review relate solely to the measure of damages recoverable by

1. ATTACH-
MENT:
suit on bond:
damages.

defendant upon the attachment bond. The defendant, being introduced as a witness, was asked the following questions: "Had you removed your household and kitchen furniture from the house attached, to your own premises, as stated in the answer, as preparatory to removing the house attached, and replacing the detached portions thereof, and putting it in suitable condition for immediate occupancy by yourself and family; and were you prevented from so doing by the levy of the attachment in this action on said house?" "What was the value of all your household and kitchen furniture at the time said house was attached?" "What damage and injury did you sustain to said household and kitchen furniture, by reason of this house being attached in this action?" These questions, and others of like import, were objected to and excluded as immaterial and tending to prove remote and speculative damages. This ruling is assigned as error. It is to be observed that the jury have found specially that the plaintiff was not actuated by willful and malicious motives, at the time he sued out the attachment. Every element of damage beyond that of actual compensation for the wrong done must, therefore, be eliminated from the case. The rule of law applicable to the facts found is, that the extent of remuneration must be restricted to the immediate consequence of the wrongful act. Pursuant to this rule, it has been held that the negligent burning of a building, from which fire spreads to and destroys an adjoining house, does not give the owner of the latter house a cause of action on the ground of the negligent act which originated the fire. See Sedgwick on Meas. of Dam. (5th ed.), p. 89, and authorities there cited.

"The rule of law is well established, that in cases of torts it is necessary for the party complaining to show that

the particular damages in respect to which he proceeds are the legal and natural consequences of the wrongful act imputed to the defendant." While the rule of law is thus well understood, very great difficulty frequently arises in the application of it to the complicated facts of particular cases. There is no difficulty, however, in determining the application of this doctrine to the question under consideration. The defendant sought to prove that he had removed his household and kitchen furniture from the attached property prior to the attachment, and that subsequent to the removal the said furniture was damaged. It is impossible to trace this damage back to the levying of the attachment as its legal and natural cause. It must have resulted from insufficient shelter, improper storage, careless handling, or some other direct cause. There is no natural connection between the levying of the attachment, and an injury to furniture situate upon other and remote premises.

II. Among other questions of similar import, the defendant was asked the following, to wit: "Were you engaged in the building of a house for yourself and family after the levy of the attachment in this action, and were you compelled to engage in the construction of said new house by reason of the levy of said writ of attachment, and if so, state the additional expenses and outlays you were compelled to make thereby?" This question was objected to and excluded for the same reason as the foregoing.

It falls clearly within the principles already discussed, and was properly excluded. If the building attached was in a habitable condition at the time the attachment was levied, the levy would not create a necessity for the erection of another building. And if it was so far taken to pieces at the time of the levy as not to be susceptible of occupancy, it was the condition of the building, and not the levy, which created the necessity for another structure.

Besides, the defendant was compensated for the labor employed, and the money expended upon the new structure, by the property which he thus acquired therein. We know of no legal reasons why he should own the new building, and also be paid for erecting it.

III. The defendant was further asked the following questions : " What was the rental value of that house per month, immediately before you began to take it apart for the purpose of removing it to your own land?" " What would have been the actual rental value of that house per month after you would have removed and erected the same on your own premises and put it in as good condition for occupancy as before ?" These questions were excluded for the reasons before stated. In this action there was no error. The plaintiff is entitled to compensation for the loss which he has sustained by being deprived of the use of his property. But the value of this use must be predicated upon the condition of the property when it was attached, and not upon what its condition was before, or what it was intended to be in the future. The facts of this case forcibly illustrate the impropriety of the rule of damages contended for by appellant. In the first place it is insisted that defendant should be paid for the expense incurred in erecting a new house which he now owns. And in the second place that he should be allowed what would have been the rental value of the house attached if the same labor and expense had been incurred upon it. Thus paying him twice for the labor and expense incurred, and at the same time allowing him to retain the property thus acquired.

If the building had been entirely taken down, and had laid a confused mass of framing materials at the time of the attachment, what rule of law would allow for the use thereof the rent of a shapely building, simply because at the time of the levy the defendant intended to transform the shapeless mass into such a structure. And yet, this is

the direct consequence of the rule for which appellant contends.

IV. The defendant was asked the following questions : "State whether or not you have paid any attorneys for appearing in this cause, and defending this action. If so, state the amount ?"  " State whether you have, or have not, paid any attorney's fees in this action, or for prosecuting your claim in this action. If so, state the amount ?"  These questions were objected to as immaterial, and tending to prove remote damages, and on the ground that they do not tend to show any expense incurred in defending the attachment proceedings. The objection was sustained, and upon this ruling error is assigned. The defendant, by way of cross-action, sued upon the attachment bond. The defendant was asked whether he had paid attorney's fees for defending the action, or in prosecuting the defendant's claim. Attorney's fees paid for such purposes are not recoverable in an action upon the attachment bond. See Drake upon Attachment, § 176, and authorities cited. Also, *Behrens* v. *McKenzie*, 23 Iowa, 333, and cases cited.

V. The following question was asked defendant and excluded upon plaintiff's objections, to wit : " Did you, or did you not, lose any time in attending to your regular business by reason of being deprived of the use of the house attached in this action, and if you say you did, state the number of days you so lost, and the value of the same ?"

It is to be noticed that this question refers not to time lost in defense of the attachment proceedings, but to time lost by reason of being deprived of the use of the house attached. This element of damage is the same in principle as those we have been considering, and was properly disallowed.

Other objections are urged in the argument, as that defendant should have been allowed ·the value of the

5. —— attorney fees.

attached property, and for losses and expenses incurred in attending to the suit, which do not seem, from the abstract, to have been pressed upon the attention of the court below, and hence cannot here be considered.

Affirmed.