A. L. PINSON v. THOMAS E. KIRSH, ADMINISTRATOR.

1. ATTACHMENT.—That an affidavit for attachment was, by leave of the court, written upon the original petition after the defendant had answered, that the affidavit was not marked "filed," and that the petition was not refiled after the affidavit, are not serious objections to an attachment issued thereon.

2. DAMAGES FOR SUING OUT ATTACHMENT.—A plea in reconvention alleging that the property seized was not the property of defendant, but that by its seizure the defendant was delayed in moving his family, put to additional expense, and that his family from the delay was exposed, and sickness was caused by the exposure, causing an outlay of money in medical bills, loss of time of defendant and of his family: *Held*, To shew no cause of action.

3. SAME.—See statement of the case for damages which are not the natural, proximate consequence or legal result of the seizure of property by attachment, and held to be too remote to be the basis for a recovery.

APPEAL from Anderson. Tried below before the Hon. M. D. Ector.

July 11, 1874, Thomas E. Kirsh, as administrator of William M. Mathews, sued A. L. Pinson on several notes described in the petition. Citation issued and was served. Defendant, July 29, 1874, answered by demurrer and general denial.

April 24, 1875, Kirsh made affidavit for attachment, "that Pinson is about to remove his property beyond the county of Anderson, and that plaintiff will thereby probably lose his debt," with the other statutory allegations, which affidavit was written upon the original petition, and bore no other file marks. On same day, a bond in amount of $1,000 was filed, and attachment was issued, which, on the 25th of April, was

levied upon eighty-two head of stock cattle, valued at five dollars each, and one ox valued at fifteen dollars.

Defendant moved to quash the attachment chiefly because of the affidavit being written on the original petition long after it was filed, and that the affidavit did not appear to have been filed, &c.

Defendant pleaded in reconvention that the cattle levied on were not his property, but were the property of O. A. Pinson, who had been employed by defendant to move his (defendant's) family to Brown county, Texas, and was at the time of the seizure engaged in moving said family; that by the levy of the attachment defendant was delayed in moving fifteen days, was put to extra expense of five dollars per day for said time, and to damage of injury to his business and exposure of his family on the road and in camp, for and during said period of fifteen days, to inclement weather, and damages of sickness, &c., incident to camp life; that his family consisted of an aged wife and minor children—girls and boys; that said property was owned, controlled, and possessed by said O. A. Pinson and not by defendant; that defendant had no property liable to execution. Damages were laid at five hundred dollars.

After exceptions were taken to the attachment, plaintiff, by motion, had the minutes of the court corrected, so as to show a leave of the court to write his affidavit for attachment upon the original petition on the day the affidavit bears date.

By amendment, defendant alleged that, by reason of the wrongful suing out of the attachment, defendant and his family were compelled to camp out, without house or shelter, exposed to the inclemency of the weather, which was bad; that by said exposure, serious illness resulted to himself and family, from which he lost, in time, fifty days, of value to him of $300; paid out in medical bills, $100; loss of time of wife and children for thirty days, worth $100; that although said property was not his, he and his family were so detained by

the seizure thereof, the same being used by said O. A. Pinson in moving plaintiff to Brown county, as aforesaid.

The plea in reconvention was, on exceptions, stricken out. The motion to quash the attachment was overruled. Judgment for the amount of the notes sued on was rendered in favor of plaintiff, and a sale ordered of the property levied on by attachment. Defendant's motion for new trial was overruled, and he appealed.

*T. T. Gammage,* for appellant.

*Reagan, Greenwood & Gooch,* for appellee, cited Hopkins *v.* Donaho, 4 Tex., 336; Jewett *v.* Miller, 19 Tex., 291; Gaines *v.* Salmon, 16 Tex., 312; Primrose *v.* Roden, 14 Tex., 3; Morgan *v.* Johnson, 15 Tex., 569; Barbee *v.* Holder, 24 Tex., 226.

MOORE, ASSOCIATE JUSTICE.—The alleged errors, calling in question the validity of the attachment, because the affidavit on which it issued, was written with permission of the court, upon the original petition after the defendant had appeared and answered; that the affidavit was not marked by the clerk "filed;" that the petition was not refiled after said affidavit was made, and on account of the difference of the filing of the petition and the bond for attachment, are frivolous, and unworthy of serious consideration. Counsel must surely have suffered his zeal for his client to obscure his judgment, or he would not incumber the records of the court with such objections, or consume its time with elaborate discussions in attempting to maintain them.

The court did not err in sustaining the plaintiff's exceptions to defendant's answers claiming damages for the alleged wrongful suing out of the attachment. The answers show upon their face that the alleged injuries for which damages are demanded cannot be said to have been the immediate and proximate result of the wrongful issue of the attachment. If the defendant sustained any damage at all of

which he can complain, it is from a malicious and wrongful use or abuse of the attachment in its levy, irrespective of the fact of its having been properly or improperly issued. Neither the truth nor sufficiency of the ground for the attachment alleged in the affidavit, are controverted. It is evident from the answers that the attachment was *prima facie* rightfully issued, if the property levied upon belonged to the defendant. The injuries for which defendant asked to be compensated are specifically enumerated and set forth in his answers. They result solely from the fact, as he alleges, that the property levied upon belonged to another party and not to himself. If the property was his, unquestionably, on the allegations in his answers, he has no claim for damages. Surely it cannot be seriously urged that the bare fact that the property levied upon does not belong to the defendant, entitles him to damages which otherwise he could not claim.

We are not called upon to determine, and therefore will not undertake to say, that a party might not suffer damage for which he could maintain an action by reason of the levy of an attachment, either properly or improperly issued, on property of which he was not the owner. But we do say that that to do so he must present an altogether different case from that stated in these answers. The facts alleged must not only be such as will support an action on the bond for the wrongful suing out the attachment, but such as would at common law maintain an action for malicious attachment.

But if the answers were in other respects unobjectionable, the exceptions should have been sustained, because the damages laid plainly appear not to be the natural proximate consequence or legal result of the alleged wrongful act, and are therefore too remote to be the basis for a recovery. (Plumb *v.* Woodmansee, 34 Iowa, 116.)

There is no error in the judgment, and it is therefore affirmed.

AFFIRMED.