SCHMIDT & ZEIGLER v. JOHN G. ROST & CO.

(No. 321, Tex. L. J., vol. 1, p. 243.)

APPEAL from Galveston County. Opinion by ECTOR, P. J.

§ 684. *Reconvention; requisites and sufficiency of plea in.* Schmidt & Zeigler sued on two promissory notes for $250 each. Defendants pleaded specially in reconvention for $5,000 damages done them by plaintiffs by means of a circular letter which plaintiffs addressed to the creditors of defendants, advising said creditors not to accept an assignment or proposition of Rost & Co. for a composition of their debts at twenty cents on the dollar. The plaintiffs excepted to this plea in reconvention, and moved the court to strike it out as being irrelevant and insufficient in law. This motion was overruled by the court, and is the first error assigned.

The statute provides that "where the defendant may have a claim against the plaintiff, similar in its nature, but it need not be of the same degree, to that of the plaintiff's, he shall be permitted to file in his answer a plea in reconvention, setting forth the amount due him, and judgment shall be given in favor of the party establishing the largest claim for the excess of his claim over that of his opponent, and for costs." [Pas. Dig. art. 3446.]

Presiding Judge Ector cites and reviews the following cases in which the plea in reconvention was held good, viz.: Thomas v. Hill, 3 Tex. 270; Egery v. Power, 5 Tex. 501; Walcott v. Hendrick, 6 Tex. 406; Sterrett v. City of Houston, 14 Tex. 153; and the cases of Carothers v. Thorp, 21 Tex. 358, and Pierson v. Kirsh, 46 Tex. 26, where the pleas were held bad; and he evolves from these cases the rule that the matter pleaded in reconvention must have grown out of, or be in some way connected with or incidental to, the main action. And as to the case at bar, he says: "We believe that the court should have sustained

the plaintiff's exceptions to defendant's plea in reconvention. The damages claimed are too remote, and did not grow out of, or are connected in any way with or incidental to, the main action. Nor does it appear by the plea itself that these damages had any necessary connection or dependency upon the notes sued on and described in plaintiff's petition."

February 27, 1878.          Reversed and remanded.