[Opinion delivered May 10, 1880.]

---

R. B. WHITEMORE & Co. v. J. W. WILSON.

(Case No. 3052.)

1. ATTACHMENT — AFFIDAVIT.— An affidavit for attachment, in form as follows:

"R. B. WHITEMORE & Co. ⎫ In the District Court of Collin
No. 1436½.        *v.*        ⎬ County, in the State of
        J. W. WILSON.   ⎭ Texas.

"C. H. White, agent for R. B. Whitemore & Co. in the above entitled cause, being duly sworn, says: that the defendant J. W.

Wilson is justly indebted to the plaintiffs in the sum of ($625.66) six hundred and twenty-five dollars and sixty-six cents, and this affiant states that said defendant is about to remove his property beyond the limits of the county in which this suit has been commenced and that thereby the plaintiffs will probably lose their debt; and he further says that the writ of attachment is not sued out for the purpose of injuring the defendant," sufficiently describes the county "in which suit has been commenced." 5 Tex., 388; 15 Tex., 568; 25 Tex., 342; 31 Tex., 207.

2. SAME.— In an affidavit for attachment the facts required to be sworn to must be so direct and unequivocal as that if the oath is falsely and corruptly made, an indictment for perjury would lie.

3. SAME.— The requirements of the statute concerning affidavits for attachment are satisfied if a sufficient affidavit is made, whether it is in the form of an affidavit made separate from the petition, or on the same paper as that which contains the petition, or whether no separate affidavit of the facts upon which the attachment is prayed for is made at all, but simply alleging and swearing to the necessary facts in the petition, with appropriate prayer for attachment. 46 Tex., 26; 13 Tex., 370; 16 Tex., 51; 14 Tex., 3; 15 Tex., 569; 18 Tex., 292; 24 Tex., 226.

ERROR from Collin.    Tried below before the Hon. W. H. Andrews.

The opinion states the case.

*J. L. Doggett* and *Richard Maltbie,* for plaintiffs in error.

*Throckmorton, Brown & Bro.,* for defendant in error.

WALKER, P. J.— Suit by the plaintiffs in error against the defendant in error on a promissory note for the sum of $625.66 as principal, bearing ten per cent. interest after maturity. The petition referred to the note as an exhibit filed therewith; the exhibit referred to corresponded with the foregoing designation of amount and rate of interest, and was in the ordinary form of a promissory note, made payable to the order of R. B. Whitemore & Co., four months after date, and signed by the defendant in error, J. W. Wilson. The petition was filed in the district court of Collin county on the 8th day of August, A. D. 1873, and was in the usual form. The caption thereof was thus entitled:

"R. B. WHITEMORE & CO. ⎫
          v.                        ⎬ No. 1436½.
J. W. WILSON.              ⎭

"STATE OF TEXAS,     ⎫ District Court, November Term,
    County of Collin. ⎭     1873."

The commencement of the petition, or address thereof, is as follows: "To the district court of said county." The names of the plaintiffs, and the character in which they sued, was set forth as follows: "R. B. Whitemore and Simon Boogher, doing business under the firm style of R. B. Whitemore & Co., complaining of J. W. Wilson, represent," etc. On the same day, viz., August 8, 1873, C. H. White, agent for the plaintiffs, as is stated in the affidavit, filed in the said district court, in the record of the said suit, an affidavit for attachment, which is entitled in its caption:

"R. B. WHITEMORE & CO. ⎫ In the District Court of
No. 1436½.            v.        ⎬ Collin County, in the
          J. W. WILSON.      ⎭ State of Texas, ———."

The body of the affidavit is as follows, to wit: " C. H. White, agent for plaintiffs, R. B. Whitemore & Co., in the above entitled cause, being duly sworn, says that the defendant, J. W. Wilson, is justly indebted to the plaintiffs in the sum of ($625.66) six hundred and twenty-five dollars and sixty-six cents, and this affiant states that said defendant is about to remove his property beyond the limits of the county in which this suit has been commenced, and that thereby the plaintiffs will probably lose their debt, and he further says that the writ of attachment is not sued out for the purpose of injuring this defendant."

Attachment bond was filed in the said cause on same day, which, like the affidavit, is headed with the title of this cause and statement of venue, thus: " In the district court of Collin county, in the state of Texas. Suit pending in the district court of Collin county."

The writ of attachment issued in said suit on said 8th day of August, 1873, and was executed on the same day by levying on merchandise of the defendant amounting to $2,369.64. The defendant on the succeeding day replevied

the goods. The defendant's replevy bond contained the following caption and premises, viz.:

"R. B. WHITEMORE & SIMON BOOGHER v. J. W. WILSON.

"Whereas, by virtue of a writ of attachment issued from the district court of Collin county, in the state of Texas, at the suit of R. B. Whitemore and Simon Boogher, composing the firm of R. B. Whitemore & Co., against J. W. Wilson, bearing date the 8th day of August, 1875," etc.

The defendant moved to quash the attachment: 1st. Because the affidavit for attachment does not allege that the defendant is about to remove his property beyond the limits of Collin county. 2d. Because the affidavit does not allege that defendant is about to remove his property from the limits of any county; which motion was sustained, and the writ of attachment quashed and held for naught. Judgment for plaintiff for the amount of the note sued on. The plaintiffs appealed and assign as errors the ruling of the court on the said motion.

The statute under which the attachment proceedings were had provides that original attachments may be issued by the clerks of the district courts, returnable to that court, upon the party applying for the same, his agent or attorney, making an affidavit in writing stating (among the several grounds therefor enumerated in the statute) that the defendant "is about to remove his property beyond the county in which the suit is to be or has been commenced." Pas. Dig., art. 142. It is further provided by the same statute, "that no attachment shall be issued by any judge or clerk of the district court, unless the plaintiff in the suit shall first file his petition in the same, as in other suits." Pas. Dig., art. 165. The construction which has been placed upon our statutes which authorize the issuance of attachments, from the earliest period of our judicial history, and previous to the enactment of the direct prohibition just now quoted against the issuance of attachments before the filing of the petition, has always exacted the necessity of a petition being first filed before such a writ could issue. Fowler v. Poor,

Dallam, 401; Wooster *v.* McGee, 1 Tex., 20; Cordova *v.* Priestley, 5 Tex., 250.

The expressions and terms used in the affidavit, to render them intelligible, and to construe its meaning fairly, must be considered in their relations to the subject-matter concerning which they are employed. Plainly, the plaintiffs sought to obtain an attachment against the defendant by making application therefor before the district clerk of Collin county; it must be supposed that they knew that such a proceeding could only be based upon a suit which had either been already instituted in that court, or which was about being instituted by petition to be filed concurrently with the affidavit. The affidavit, when it was made, was deposited, as it must be fairly concluded from the record before us, with the petition, at the time or before the latter was filed; both are marked as having been filed on the same day, and they are parts of the same record and proceedings, and are identified by docket number, title of the case, and the appropriate captions; indicating that they were filed in connection with and in relation to each other; and a comparison of the contents of each renders it conclusive that the affidavit related to and pertained to the suit of the appellants against the appellee, and that it was true, as stated in the affidavit, that suit had been commenced. The conclusions thus naturally arising from the record are not attempted to be qualified by the suggestion, on the part of the defendant, of any circumstance, or by any averment or allegation, which questions the fact that the petition and the affidavit were thus associated together at the time they were filed, and that they both belonged to the same identical suit which their face, captions and numberings indicated.

If this be true, the deduction must follow that the record thus made was one which incontrovertibly and conclusively showed the fact which the law required to appear by affidavit, viz., that the county from which the defendant was about to remove his property was the county of Collin. There is not the least possible uncertainty in respect to the identity of the county which is meant and referred to in

the affidavit. The affiant declares that the defendant is about to remove his property beyond the limits of the county in which "*this suit has been commenced;*" the affidavit itself and the petition are patent exhibitions of the suit referred to that "*has been commenced;*" they are parts of the same record and cannot be dissevered.

If the affidavit be untrue in fact, because such suit had not then been commenced by reason of the petition, though bearing the same date, not having been filed when the affidavit was made, that would present a different question from the one before us. The true inquiry, however, is whether the petition and the affidavit taken and read together furnish a certain indication of the county from which the affiant alleges the defendant is about to remove his property. The record shows that the suit was commenced or was then being brought in Collin county, and the affidavit, following literally the language of the statute, describes the county, or rather seeks to identify and specify it, by the descriptive averment " that the defendant is about to remove his property beyond the limits of the county *in which this suit has been commenced,*" etc. What suit? and commenced where and when? Both questions are answered conclusively by the affidavit itself, which entitles the case, as has been already copied from the record, with its docket number, and the caption whereof recites that a suit of that title is pending "in the district court of Collin county, in the state of Texas."

The statute does not require an affidavit to be made by a specified formula; it does not require that it shall state in express terms the name of the county which is referred to; it does intend, however, that the plaintiff shall make affidavit that the removal of the property is about to be made from the county in which the suit is to be or has been commenced. The affidavit followed the very language of the law; the affidavit specified the county, not by name, but attempted to do so by stating that it is the same county as that in which *this* suit has been commenced; the relative pronoun "this" having reference to the suit whereof the

affidavit itself was a part and parcel, and the evidence of its pendency being conclusively verified by the petition to which it properly belonged as a part of the record. *The county, therefore, to which the affirmation of the affidavit had relation is demonstrably shown by the record to be Collin county.

The statute requires that the affidavit should state " that the defendant is justly indebted to the plaintiff and the amount of the demand;" yet it has been construed not necessarily to require that such material fact must be manifested exclusively through the intrinsic contents of the affidavit, but that the allegations of such facts contained in the petition will be sufficient if the truth of the petition is sworn to.   Watts *v.* Harding, 5 Tex., 388; Morgan *v.* Johnson, 15 Tex., 568; Marshall *v.* Alley, 25 Tex., 342; Kennedy *v.* Morrison, 31 Tex., 207.

In like manner, if the plaintiffs' affidavit, which undertakes to describe the county, or to identify it as the county from which the defendant is about to remove his property, should do so by describing it as that in which the defendant is alleged to reside according to the allegations of the petition filed herewith, in such case the petition might properly be referred to for the purpose of ascertaining the county to which reference was made, and the affirmation by the affiant in respect to the identity of the county would be no less certain than though it had been designated by its name and its boundaries.

An affidavit of the facts required to be sworn to must be so direct and unequivocal as that if the oath is falsely and corruptly made an indictment for perjury would lie.   No objection is apparent in respect to this affidavit that could be urged against a properly drawn indictment based upon its falsity.

It is urged in the brief of the appellee's counsel, " that the affidavit, in order to be sufficient to base a writ of attachment upon and sustain it, must be good upon its face — it must stand upon its own allegations, unaided by any other paper filed in the case;" . . . that " where the peti-

tion and affidavit are separate and distinct, as in this case, each must be complete and sufficient within itself." And under the application of such a test they insist that the affiant did not swear that the suit was pending in the district court of Collin county. We regret that the counsel have not cited us to authority in support of their proposition.

Cases that have been already cited illustrate a contrary doctrine, and show that the petition will be considered in connection with the affidavit.

If the affidavit for an attachment is a part of the record, as it certainly is (Drake on Attachments, sec. 90, and authorities there cited), whether it shall be made as an attached part of the petition and on the same sheets which are filed as the petition, or are separate therefrom, cannot materially affect the question as to its being a part of the record and relevant to and connected with the petition. It will be remembered that the act regulating proceedings in the district court (art. 138, Pas. Dig.) requires the party applying for an attachment to make affidavit in writing of the truth of the matter set forth in the petition, and that the attachment law also requires the affidavit which is therein prescribed. The court has repeatedly so construed these statutes as to determine that the requirements of both statutes are satisfied if a sufficient affidavit is made, whether it be in the form of an affidavit made separately from the petition (Wright v. Ragland, 18 Tex., 289), or filed with and on the same paper as that which contains the petition (Pinson v. Kirsh, 46 Tex., 26), or whether no separate affidavit of the facts upon which the attachment is prayed for is made at all, but simply alleging and swearing to the necessary facts in the petition with the appropriate prayer for the attachment. Watts v. Harding, 5 Tex., 386. Numerous adjudicated cases show that no such test as that which is contended for by counsel for the appellee has ever been accepted as correct, but, on the contrary, it will be seen in the cases of Schrimpf v. McArdle, 13 Tex., 370; Seawell v. Lowery, 16 Tex., 51; Primrose v. Roden, 14 Tex., 3; Morgan v. Johnson, 15 Tex.,

569; Wright v. Ragland, 18 Tex., 292; Barbee v. Holder, 24 Tex., 226, that the petition and the affidavit together may be considered together as an entire record, and that there is no requirement that the affidavit must be construed irrespective of and separately from the petition. The caption of the affidavit is a part of the instrument; it identified and described this identical suit, and recited that it was pending in the district court of Collin county; the petition itself constituting also a part of the record, together with the affidavit, fully and certainly showed that the word "this" had reference to this suit, which was commenced in Collin county, and therefore Collin county was sufficiently designated in the affidavit.

We conclude that there was error in the ruling complained of, and we award that the judgment shall be reversed and the cause remanded.

REVERSED AND REMANDED.