## F. H. BAILEY v. J. R. HEARNE.

(No. 857, Op. Book No. 2, p. 163.)

APPEAL from Robertson County. Opinion by WALKER, R. S., P. J.

§ 969. *Infancy; decision of judge on facts; assignment of error.* Bailey sued Hearne upon a promissory note. The defense was that Hearne, at the time he executed the note, was a minor. To this it was replied by the plaintiff that Hearne, after arriving at majority, had ratified the note and promised to pay it. A jury was waived, and the judge rendered judgment for Hearne upon his defense of infancy. The evidence of defendant's infancy at the time he executed the note was not controverted, but upon the question of his ratification of the contract after majority, the evidence was conflicting. The judgment of the county court for the defendant was affirmed, the court holding: 1. That the decision of the judge was entitled to the same presumptions in its favor as the verdict of a jury. [Gilliard v. Chessney, 13 Tex. 337.] As to the disputed fact of the ratification after majority, it was the province of the court to weigh and judge of all the conflicting evidence which bore upon that issue, and there was sufficient evidence to support the finding that defendant had not affirmed the contract after attaining his majority. 2. Every presumption is to be indulged in favor of the lower court. It is incumbent on the party seeking to reverse a judgment to evince that it was erroneous [Campbell v. Skidmore, 1 Tex. 475], and in assigning error he should put his finger upon the very error. [Seawell v. Lowery, 16 Tex. 47.]

June 23, 1880.                                    Affirmed.