FECHHEIMER, FRENKEL & CO. v. J. M. BALL & BRO.

(No. 925, Op. Book No. 2, p. 235.)

APPEAL from Hunt County.   Opinion by HURT, J.

§ 766. *Attachment; petition need not be sworn to, when, etc.*   The petition was not sworn to, but the affidavit for the attachment contained all the material substantive matters set forth in the petition, and this was sufficient. [Schrimpf v. McArdle, 13 Tex. 368; Primrose v. Roden, 14 Tex. 1; Morgan v. Johnson, 15 Tex. 569.] The court erred in sustaining the defendant's motion to quash the attachment.

§ 767. *Reconvention in attachment suit; requisites of plea in, should distinguish between actual and exemplary damages.*   Upon a plea in reconvention the appellees recovered of the appellants a judgment for $372, for damages for wrongfully, unjustly and oppressively suing out and causing the writ of attachment to be levied. These damages are set up and claimed in the same plea, and without any distinction between damages resulting from wrongfully resorting to the writ, and the maliciously or oppressively resorting to the same. Actual damages may be recovered for the wrongful, and vindictive damages for the malicious suing out of the writ. The two kinds of damages constitute separate and distinct causes of action, and should be presented by the pleadings as such, with the averments respectively appropriate to each remedy. [Wallace v. Finberg, 46 Tex. 37; Harrison v. Harwood, 31 Tex. 650.]

§ 768. *Assignor not entitled to recover damages for seizure of property assigned.*   Appellees executed a deed of assignment for their stock of merchandise to one Wimbray. Appellants had their attachment levied upon

these goods.  The deed of assignment was on record, and Wimbray had possession of the goods.  *Held:* Although this deed might have been fraudulent and void as to creditors, it was good as to the appellees, and the title to and possession of the goods had by reason thereof passed from them, and they had no right to recover damages for the seizure of the goods.  [Pinson v. Kirsh, 46 Tex. 26.]

§ 769.  *Assignment fraudulent upon its face.*  The assignment to Wimbray contained provisions authorizing him, after deducting *all expenses*, to pay the proceeds of the property to such of appellees' creditors as would accept the deed, and to deliver the surplus, if any, to appellees; authorizing Wimbray to sell the property on credit or otherwise, and exempting him from all liability for losses or damages, except such as should arise through his own wilful default, and no security was required of him, insuring a faithful execution of the trust and a proper application of the proceeds to the payment of debts.  While these provisions are exceedingly liberal to Wimbray, and show the great confidence the appellees had in his integrity and honesty, still we are constrained to say, that, in matters of importance wherein the rights of creditors are involved, such liberality and confidence on the part of the debtor should not be encouraged by the courts.  The deed of assignment is burdened with earmarks of fraud to such an extent, that, in the opinion of the court, the same is void as to creditors for fraud apparent upon its face.  [Baldwin v. Peet, 22 Tex. 708; Edmondson v. Silliman, 50 Tex. 112.]

January 19, 1881.    Reversed and remanded.