LOWANDE *v.* OTERO & CO. ET AL.

## APPEAL from the District Court of San Juan:

No. 354.—Decided March 30, 1909.

JUDGMENT—DETERMINATION OF AMOUNT OF INTEREST—BAD PRACTICE.—When in a judgment one party is adjudged to pay interest, the exact amount should be calculated and included in the judgment, it being a bad practice to leave undetermined the amount thereof to be calculated by the secretary.

ATTACHMENT—DAMAGES—ACTUAL DAMAGE—DETERMINATION OF AMOUNT.—When an attachment has been wrongfully sued out, but without malice or intention to oppress on the part of the plaintiff, the damages recoverable against him should be limited to actual damage and cannot be extended to speculative damages.

ID.—ACTUAL DAMAGE.—The actual damages recoverable for the wrongful suing out of an attachment are such as are the natural, proximate and legal result or consequence of the wrongful act.

The facts are stated in the opinion.

*Mr. José Guzmán Beníte̦z* for appellants.

The respondent did not appear..

MR. JUSTICE MACLEARY delivered the opinion of the court.

This litigation has been long protracted and taken up much attention, both in the trial court and the appellate court. The parties had long been rivals in the show business, and had engaged in various disputes concerning the use of moving pictures, and particularly in regard to one representing the marriage of the King of Spain. Finally on September 5, 1906, a suit for malicious prosecution was instituted by Otero & Co. against Lowande, and an attachment levied on his picture show to secure any judgment which might be obtained. This action was eventually dismissed at the costs of the plaintiff. Thereupon, on the 8th day of May, 1907, Lowande brought this suit for damages on the attachment bond, which had been given in the sum of $2,000 against Otero & Co. and their sureties on the bond; claiming from the principals and their sureties the full amount of the bond, and reserving his right to prosecute a suit against Otero & Co. for

the balance of the damages alleged to have been sustained by the plaintiff on account of the wrongful suing out of the writ of attachment, and amounting to $12,550, This writ of attach-had been levied on the circus of Lowande on September 7, 1906. The suit for malicious prosecution having been dismissed, the attachment was vacated and the goods returned to Lowande on May 6, 1907. On the next day thereafter this suit was promptly brought on the attachment bond, as heretofore stated.

On the trial of this cause the district court, on October 10, 1907, finding the law and the facts in favor of Otero & Co., gave judgment against the plaintiff for costs, and Lowande appealed to this Supreme Court.

On June 15 last, judgment was rendered by this court reversing the judgment of the court below, previously rendered and appealed from, and remanding the case for a new trial. On the setting of the case for a new trial, the plaintiff, Lowande, by leave of the court, filed an amended complaint, in which he alleged that his damages amounted to at least $4,500, of which the defendants were only liable, in the said suit, to pay $2,000, the amount of the bond given in the attachment case. On the trial a great deal of evidence was introduced, both oral and documentary, and the court finally decided the case in favor of the plaintiff. But the damages allowed by the trial court were limited in the opinion to $750, plus the legal interest on $2,500 during seven months of the time during which the circus was held under the attachment. The legal rate of interest in cases like the present is fixed by our statutes at six per cent per annum. (See Session Acts 1903, p. 109.) This would be for 212 days, or seven months, at the rate of six per cent per annum, amounting to $87.50, aggregating the sum total of $837.50, besides costs and expenses; all of which were adjudged against the defendants. The judgment was for $750 plus the interest on $2,500 at the legal rate for seven months, and leaves the sum total to calculation, which is a bad practice. All such arithmetical calcu-

lations should be performed before the judgment is rendered, and the amount of the judgment should be a fixed sum in dollars and cents, leaving only the costs to be taxed and added by the secretary of the trial court. This method gives to the judgment that element of certainty which is always desirab'e in legal decisions.

From this judgment the plaintiff, Tony Lowande, not being satisfied with the amount, took an appeal to our Supreme Court; the defendant appearing to acquiesce in the decision of the trial court, as he made no appearance in this court by brief or otherwise. The record was filed here on December 19, 1908; and the case was heard on February 12, 1909; only counsel for the appellant appearing and making oral argument and filing a brief in his behalf. There was no brief nor argument filed nor made on behalf of the respondents, or any of them as before stated.

Before rendering judgment in this case, as we have heretofore mentioned, the trial judge filed an opinion which literally reads as follows:

"*Opinion.*—First term, September 30, 1908. We will briefly set forth the grounds for the judgment, which we believe to be just in this case.

"We must take into consideration, in the first place, the judgment rendered by the Supreme Court, in this same suit, on the 15th of June, 1908, and, afterwards, the pleadings and the evidence. Our task is limited to fixing the exact amount of the damages really caused to the plaintiff by the defendant.

"In the complaint the amount of the damages was fixed at $13,850, and in the amended complaint, which was filed after the evidence had been heard by the court, said amount was fixed at $4,500.

"Ought we to accept this sum?

"The evidence introduced before the court is very confused, and the basis adopted for the calculation of the damages is very uncertain.

"It is a positive fact, that by virtue of the attachment referred to in the pleadings the plaintiff ceased to work in his circus; but it is also a positive fact that he continued to work for some time afterwards, and we do not know how much he gained by his work. It has not been fully shown, either, how much he would have gained in his

circus if he had continued to work in the same during the time of the attachment—that is to say, from the 7th of September, 1906, until the 6th of May, 1907..

"We find ourselves in a very difficult position, to harmonize the proofs, and to fix the exact amount of the damages suffered by the plaintiff; and this being the case, we shall endeavor to place ourselves in the exact middle (between the parties), and order that the plaintiff recover from the defendants the amount of those damages which, after considering the whole case, we believe to have been really caused him.

"It may be estimated that the circus, after deducting the expenses caused by operating the machine, produced to the plaintiff a net profit of $25 on each night on which an exhibition took place.

"It may be estimated that the plaintiff, before he had an opportunity to reestablish his business and again to earn money, did not make any profits during a period of 30 days, so that the earnings which he failed to obtain, amount to $750 at the aforesaid rate of $25 per day.

"One of the experts declared that the circus of the plaintiff is worth $2,500. It is a positive fact that the plaintiff ceased to utilize his circus, and it is just that he should recover, at least, the legal interest due on his capital, for the period referred to, after deducting therefrom the 30 days which have already been taken into account.

"For these reasons, a judgment must be rendered, in this case, ordering that the plaintiff recover from the defendants the sum of $750 and, besides, the legal interest on $2,500, for the time elapsed from the 7th of October, 1906, until the same day of May, 1907, both days inclusive."

On the same day the judgment was rendered, following the opinion more or less closely, and it may be well also to set it out in full, reading as follows:

"*Judgment.*—The court renders a final decision in this case, declaring that the facts and the law are in favor of the plaintiff, and against the defendants, in the manner hereinafter set forth; and the court, therefore, orders and decrees that the former shall recover and collect from the latter, the sum of $750, and, besides, the legal interest on $2,500, for the time elapsed from the 7th of October, 1906, until the 6th of May, 1907, both days inclusive, and, lastly, the costs and expenses, shown to have been disbursed by the plaintiff; and the secretary shall register a judgment in accordance with this decision."

In his brief, which was filed in this court on December 29 last, counsel for appellant says, among other things, the following:

"The appellant, Tony Lowande, although with all due respect and the highest consideration for the trial judge, alleges that, in view of the evidence heard at the trial, he does not think that the arguments, which serve as a basis for the judgment from which appeal is taken, are reasonable; he alleges, also that he does not think that the conclusions are logical, which lead the trial court to estimate at $25 the loss suffered by him on each day on which he was prevented from giving an exhibition; but he finds the limitation to 30 days, of the period during which he suffered those losses, as well as the limitation of the rate of interest on the capital of $2,500, to be still less logical and less reasonable; for, although the amount of $2,500 is the value of the circus, said amount has never been the ground or cause for any allegation in the complaint, inasmuch as the plaintiff does not demand payment of the value of the circus, but of the amount of the losses that were caused him, regardless of its value, by not using the same during the period during which said circus was under attachment."

This amounts to an allegation of error in the consideration of the evidence. And the only question we have submitted for our consideration is one concerning the measure of damages; and incidentally whether or not the evidence justifies the judgment rendered by the trial court or should it have been for a greater sum.

It is evident that the trial court followed two entirely distinct and inconsistent methods of estimating the damages sustained by the plaintiff by reason of the wrongful acts of the defendants in suing out and levying the attachment upon the circus belonging to the plaintiff. He first estimates the net profits of the plaintiff, had he been allowed to continue the use of the attached property, at $25 per day for 30 days, aggregating $750. Then the trial court values the attached circus at $2,500 and awards the plaintiff six per cent interest thereon for the remaining seven months, during which the circus was detained in legal custody, amounting to $87.50, ag-

gregating the sum of $837.50. There is no warrant for such a change in the method of computing the damages to be found in the opinion of this court rendered when the case was pending here on a former appeal; which indicated, in a general way, how the amount of damages should be estimated.

The measure of damages in cases like the present has often been the subject of judicial consideration. It is said in a case decided by the Supreme Court of Illinois that in estimating the losses sustained, by reason of the destruction of plaintiff's business, it is proper for the jury to take into consideration the extent of plaintiff's business and his profits for a reasonable period next preceding the time when the injury was inflicted, leaving the defendant to show that by depression in trade, or from other causes, the profits would have been less. (See *Chapman* v. *Kirby,* 49 Ill., 212.)

Surely we cannot find a sounder proposition in regard to arriving at the damage suffered in a case lake the present, than the one adopted in Iowa, which is that where an attachment has been wrongfully sued out, but without malice or intention to oppress, on the part of the plaintiff, the damages recoverable against him should be limited to actual damage, and cannot be extended to speculative damages. (See *Plumb* v. *Woodmansee,* 34 Iowa, 116.) This proposition is also announced by the Supreme Court of Mississippi in the case of *Neyers* v. *Farrel,* 47 Miss., 281. And it is established, as a general rule, that the actual damages recoverable for the wrongful suing out of an attachment are such as are the natural, proximate and legal result or consequence of the wrongful act. (See *Elser* v. *Pierce,* 2 Wilson's Civil Cases, Court of Appeals of Texas, par. 738.) Authorities such as these were the basis of the opinion of this court, on a former decision of this same case in June of last year.

When this case was before this court on that occasion, an opinion was rendered by the Chief Justice, in which all of us

concurred, in which it was announced, as the principles of law governing this case:

"First, That the plaintiff, Lowande, was entitled to actual damages, in some amount, against the defendants, Otero & Co.;

"Second, That the defendants could not be exempted from the payment of such actual damages by the fact that they had acted on the advice of counsel, nor by the fact that plaintiff had declined to act as the depository of the property attached."

And the court proceeded to indicate the measure of damages, and the means of arriving at the amount of the same, declaring in effect that plaintiff is entitled to recover, within the limits of the bond, whatever sums he might have lost by the closing of his circus, less the sums which he could reasonably have earned by operating a smaller one which he had rented or otherwise; and that these amounts must be ascertained, from the evidence, by approximating as nearly as possible the net profits which would have been derived from the larger circus, had it not been attached, by deducting from the gross receipts the expenses necessary to be incurred in operating the same; and then ascertaining in the same manner the net profits derived from the business followed by the plaintiff during the 242 days passing while the circus was detained in the custody of the court. Then deducting the latter sum from the former, the remainder would determine the amount of actual damages sustained by the plaintiff on account of the wrongful levy of the attachment.

Nothing more than actual damages is claimed in this case, and no account is taken of any damage which plaintiff may have suffered by loss of the privilege of occupying the Plaza Colón, where his circus had been erected, nor of attorney's fees and expenses incurred in defending the suit in which the attachment was issued.

The method indicated by this court in its opinion rendered on June 15, 1908, was not followed by the district court in

the subsequent trial and in rendering the judgment from which this appeal was taken.

As the trial court erred in the method pursued in arriving at the amount of damagès sustained by the plaintiff, the judgment should be reversed and a new trial ordered; the trial court being instructed to follow the methods herein indicated.

*Reversed.*

Acting Chief Justice Hernández and Justices Figueras and Wolf concurred.