Draper *v.* Douglass.

---

## DRAPER *v.* DOUGLASS *et al.*

INSTRUMENTS conveying mining claims need not be under seal.

Plaintiff located a quartz lode and commenced work, digging up the rock towards the lode, at a distance of fifty or one hundred feet from it: *held,* that his declarations made at the time, as to his object in commencing work at that point, were admissible in evidence.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

Plaintiff recovered judgment in the Court below, and defendants appealed.

*H. H. Hartley,* for Appellants.

*P. L. Edwards,* for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

Draper *v.* Douglass.

This is an action to recover the possession of a certain quartz lode in the County of El Dorado. It seems that the lode was located by one Kisardo and three others, in October, 1861 ; and afterwards Kisardo bought out the others and took bills of sale from them, and the plaintiff claimed title under a conveyance from Kisardo. On the trial, the latter was examined as a witness, and testified that these bills of sale to him had been lost, and explained when and where. The defendants objected that these bills of sale were not under seal, and to proof of their contents, on the ground that the originals were not duly accounted for ; and it is insisted that the Court erred in overruling the objection. This Court has repeatedly decided that instruments conveying mining claims need not be under seal, and the evidence fully establishes the loss of the originals. There was, therefore, no error in this action of the Court.

One of the witnesses testified that he saw the plaintiff at a certain time at work some fifty or a hundred feet below the tunnel which had been commenced by the original locators, digging up the rock towards the tunnel ; and the plaintiff told him at the time that the object of the work was to drain the ravine to run a tunnel into the quartz lode. The statement of the plaintiff was objected to, and the action of the Court in admitting it is assigned as error. It was clearly admissible as part of the *res gestæ.* The plaintiff was engaged in work at a distance from the lode, and he explained the object of the work ; that it was to enable him to mine the lode, thus showing the connection between the work and the mine.

It is often the case, that miners commence their operations in sinking shafts and running tunnels at a distance from the lode sought to be worked, and their statements while thus engaged in the work, as to the object they are seeking to accomplish by it, are properly admissible as part of the *res gestæ ;* otherwise it might be claimed that they were doing no work on the mine, because of the distance from the lode. Verbal and written declarations are often said to be admissible, as constituting a part of the *res gestæ.* As such, they are most properly admissible when they accomplish some act—the nature, object, or motives of which are the subject of inquiry. (1 Phillips' Ev., C. H. & E.'s Notes, 185, and Note 80.) This point is therefore not well taken.

The next objection is, that the judgment is contrary to the evidence. We are satisfied from an examination of the testimony that the evidence sustains the judgment.

The judgment is therefore affirmed.