[No. 11216. Department Two. — September 24, 1886.]

## WILLIAM B. AUSTIN, APPELLANT, v. G. W. ANDREWS, RESPONDENT.

PRACTICE — EVIDENCE — EXCEPTION TO ADMISSION MUST BE TAKEN — APPEAL. — An objection to the admission of evidence will not be considered on appeal, unless an exception to the ruling of the court in admitting the evidence was reserved at the trial.

ID. — EJECTMENT — DECLARATIONS OF PRIOR OWNER. — In an action of ejectment, evidence of the declarations of a prior owner of the land as to its boundaries, and of the circumstances under which the declarations were made, is admissible against a party claiming under him.

ID. — DEEDS. — Certain deeds under which the defendant claimed title to the land in controversy, *held*, properly admitted in evidence.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. A. Louttit,* and *Woods & Levinsky,* for Appellant.

*W. L. Dudley,* and *S. A. Booker,* for Respondent.

BELCHER, C. C. — This is an action of ejectment to recover possession of a small piece of land situate in San Joaquin County.

The case was tried by the court, and judgment rendered in favor of defendant, from which, and from an order denying a new trial, the plaintiff appealed.

The court found that the plaintiff was not the owner of the land when the action was commenced, nor when it was tried, and that the defendant was the owner of it, and entitled to its possession.

There was testimony tending to support the findings, and under the well-established rule in this court, we cannot say that a new trial should have been granted for insufficiency of evidence.

There was no error in admitting in evidence the deed, dated December 4, 1872, from Morrow to Groves and the defendant; that deed conveyed to the grantees

named a section of land, with the exception of a piece lying in the southwest corner of the southwest quarter of the section on which was situated the village of Farmington, and which had been previously deeded away. The land in controversy was within the west half of the section, and according to the undisputed testimony of the defendant and Groves was not within the village of Farmington.

There was also no error in admitting in evidence the deed of October 1, 1874, from Groves to the defendant; that deed conveyed to the defendant all the interest in the section of land referred to, acquired by Groves under the deed from Morrow.

The defendant offered in evidence several tax receipts, showing that he had paid taxes on all the west half of the section referred to, except the lands in the town of Farmington. The plaintiff objected to these receipts being received in evidence, and his objections were overruled, but he took no exception to the rulings, and therefore cannot now be heard to complain of them as erroneous.

There is nothing in the point that the court erred in permitting McCulloch to testify as to what Witham said in reference to the lot in controversy prior to his purchase of it. The plaintiff claimed title through deeds from McCulloch to Witham, and Witham to himself. McCulloch was called as a witness for defendant, and was asked to state, if at the time he sold to Witham, Witham said anything to him about the northern boundary of the lot. He answered that when Witham came to see him about trading for the place he asked how far the lot extended north, and witness replied that it extended to a certain fence which he pointed out. In this question we see nothing objectionable. Any statement made by McCulloch while an owner as to the boundaries claimed by him was admissible, and it was proper to show how the statement came to be made.

The facts in the case of *Shiels* v. *Haley*, 61 Cal. 157, upon which appellant relies, are not like the facts in this case. There the court found "that by mutual mistake defendant had been in possession, without claim or right of title thereto" of the property in question. Here there is no such finding, and no evidence to warrant such a one.

The appeal from the judgment, it having been taken more than a year after the judgment was entered, should be dismissed, and the order denying the motion for new trial should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the appeal from the judgment is dismissed, and the order is affirmed.