[No. 12802.  In Bank. — June 1, 1889.]

## PETER G. SHARP, APPELLANT, v. JOHN M. BLANK-ENSHIP, RESPONDENT.

DISPUTED BOUNDARY — EVIDENCE — DECLARATIONS OF GRANTOR. — It is established law that in case of a disputed boundary line, which is in doubt, the declarations of a grantor at and before the time of the sale and conveyance as to the location of the boundary are admissible in evidence against him and those claiming under him.

ID. — JOINT SURVEY — DECLARATIONS OF PLAINTIFF. — It is competent in an action of ejectment involving a disputed boundary, to prove that a survey of the disputed line was made by the county surveyor at the joint request and expense of plaintiff and defendant, and that the plaintiff then declared that he wished the true line ascertained, and a fence put thereon, and did not wish any land belonging to the defendant.

ID. — DIVISION FENCE — ACQUIESCENCE. — When a division fence is erected for temporary convenience by one of two adjoining owners, without any agreement between them that it is a correct division fence, and without any intention on the part of either that it shall be a permanent division fence, there is no acquiescence by the other owner in such fence as the division fence between their lands.

INSTRUCTIONS. — When sufficiently full instructions are given at the request of a party, it is not error to refuse an additional instruction asked by him.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The survey of 1878, referred to in the opinion, was made by the county surveyor at the joint request and joint expense of plaintiff and defendant, and several witnesses testified that before and at the time of said survey plain-

tiff declared that he wanted to determine the correct line, and wanted none of Blankenship's land, but only what was his own, and that if the fence was not on the line when they surveyed it, they would put it on the line. Two or three witnesses testified that when the line was being run, plaintiff stated that he always thought the fence was not on the line. Plaintiff denied having made this statement.

The instructions 2 and 7 referred to in the opinion as given at request of defendant, were as follows:—

"2. If the jury believe, from the evidence, that the fence mentioned by the different witnesses in this case as the "old fence" was a fence placed and maintained by Blankenship or with his consent on the westerly boundary of the land in suit merely as a temporary fence, and without any intent or purpose on the part of Blankenship that the same was to be a permanent division fence between the lands of defendant and the lands of plaintiff or his predecessor in interest, Balch, then there was no acquiescence on the part of Blankenship that said fence was or was to be the division fence between the lands of Blankenship and the lands of plaintiff."

"7. If the jury find that the old fence mentioned by witnesses was put up and maintained merely for a temporary purpose, and for temporary convenience, and that it was not agreed or intended between defendant and plaintiff, or the predecessors in interest of plaintiff, as being the correct division fence between their lands, then there was no acquiescence on the part of defendant that such fence was or was to be a division fence between lands of plaintiff, or lands of his predecessor in interest, and the lands of the defendant." The further facts are stated in the opinion of the court.

*J. B. Hall*, and *W. E. Dudley*, for Appellant.

*F. T. Baldwin, J. C. Campbell*, and *Edward I. Jones*, for Respondent.

McFARLAND, J.— This is an action of ejectment to recover a strip of land lying along the boundary line between two coterminous owners. The verdict and judgment were for defendant. Plaintiff appeals from the judgment, and from an order denying a new trial.

Plaintiff owns a tract of land which is generally described as the southeast quarter of section 26, according to a plan of survey, called the Weber survey, of a grant called the Campo de los Franceses, and defendant owns the southwest quarter according to the same survey,—the two tracts adjoining each other in (practically) the same manner in which subdivisions under United States government surveys adjoin. The main issue in the case was, Where is the true boundary line between said two quarter-sections? Both parties hold under Charles W. Weber, their common grantor, who procured said survey to be made, and to whom the grant was patented. At the trial, the plaintiff offered, by witnesses, to prove that said Weber, before he conveyed to defendant, and when the owner of all the land, did, while he was on said land, point out certain posts and points as being on the line between said quarter-sections, and made certain declarations concerning the boundaries thereof. To this testimony defendant objected as incompetent, irrelevant, and hearsay; the objection was sustained, and plaintiff excepted. This ruling was clearly erroneous. It is the established law that in a case of a disputed boundary line, which is in doubt, the declarations of a grantor, at or before the time of the sale and conveyance, are admissible against both him and the parties claiming under him. (Code Civ. Proc., sec. 1849; *Stanley* v. *Green,* 12 Cal. 148; *McFadden* v. *Wallace,* 38 Cal. 51; *McFadden* v. *Ellmaker,* 52 Cal. 349.) And it would be useless to argue that the offered evidence was not material and important. For this reason the judgment must be reversed.

Most of the other points made by appellant go to the

sufficiency of the evidence to justify the various findings of the jury, and that said findings are contradictory; but it is not necessary to discuss these points, as a new trial must be granted for the reason above stated. (It may be remarked that the special issues and the instructions asked were unnecessarily numerous and long; and that each party seems to have tried the case upon the theory that he would lose, and should therefore set every possible trap for a reversal.)

We see no objection to the evidence of the survey of 1878, and the acts and declarations of plaintiff in regard to it.

The instructions given at request of plaintiff were very full, and those having been given, we see no error in the refusal to give instruction *c*, asked by plaintiff, or in giving instructions 2 and 7, asked by defendant. Instructions *a* and *b*, asked by plaintiff, were refused, of course, because they referred to certain acts and declarations of Weber, and the testimony on that subject had been ruled out. Perhaps on another trial some instruction on that subject may be proper.

Judgment and order reversed, and a new trial granted.

SHARPSTEIN, J., BEATTY, C. J., WORKS, J., and THORNTON, J., concurred.

PATERSON, J., being disqualified, took no part in the decision of this cause.