PACIFIC EXPRESS COMPANY *v.* MALIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF TEXAS.

No. 1301. Submitted December 2, 1889. — Decided December 28, 1889.

Plaintiffs sued defendant in a state court in Texas to recover $5970, the alleged value of goods destroyed by a fire charged to have been caused by defendant's negligence. Defendant pleaded and excepted to the petition. The cause was then removed to the Circuit Court of the United States on defendant's motion, who there answered further, pleading the general issue, excepting to the petition among other things for insufficiency and vagueness in the description of the goods, and charging contributory negligence on plaintiffs' part. Plaintiffs filed an amended petition more precise in statement and reducing the damage claimed to $4656.71. To this defendant answered, again charging contributory negligence and setting up, "by way of set-off, counterclaim and reconvention," injuries to himself to the extent of $8000, resulting from plaintiffs' negligence, for which he asked judgment. Plaintiffs excepted to the cross-demand. On the 6th October, 1888, the cause coming to trial, defendant's exceptions were overruled, except the one for vagueness, and as to that plaintiffs were allowed to amend; plaintiffs' exceptions to the counterclaim were sustained; and the jury rendered a verdict for $4300 principal, and $792.15 interest. It appeared by the record that plaintiffs on the same day remitted $435.50, and judgment was entered for $4656.65; but it further appeared that on the 8th October, plaintiffs moved for leave to remit that amount of the judgment and leave was granted the remittitur to be as of the day of the rendition of the judgment, and the judgment

to be for $4656.65 and costs. On the same 8th of October, defendant filed a bill of exceptions in the cause " signed and filed herein and made a part of the record in this cause this 8th day of October, 1888." On the 9th October, a motion for a new trial was overruled. · On a motion to dismiss the writ of error or to affirm the judgment, *Held :*

(1) That the remittitur was properly made, and that it was within the power of the Circuit Court to order it as it was ordered;

(2) That if no other question were raised in the case, the motion to dismiss would be granted;

(3) That the counterclaim, being founded on a " cause of action arising out of, or incident to, or connected with the plaintiffs' cause of action," was properly set up, and conferred upon this court jurisdiction to examine further into the case;

(4) That the plaintiffs' exception to the counterclaim was properly sustained;

(5) That if the counterclaim could be maintained, a recovery could be had only for damages which were the natural and proximate consequences of the act complained of;

(6) That the defendant's exceptions to the charge of the court, having been taken two days after the return of the verdict, were taken too late;

(7) That the facts furnished ground for maintaining that the counterclaim was set up only for the purpose of giving jurisdiction to this court;

(8) But whether that were so or not, the judgment ought to be affirmed on the case made.

MOTIONS TO DISMISS OR AFFIRM. The case is stated in the opinion.

*Mr. W. Hallett Phillips* for the motions.

*Mr. John Johns* and *Mr. D. A. McKnight* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This action was commenced by Sam. Malin and George Colvin, partners doing business under the firm name and style of Malin & Colvin, in the District Court of Mitchell County, Texas, to recover of the defendant the sum of five thousand nine hundred and seventy dollars, the alleged value of certain goods and chattels destroyed by a fire, occasioned, as averred, by the negligence of the defendant. The defendant filed various pleas and exceptions to the plaintiffs' petition, including the general

issue. The cause was then removed from the state court to the United States Circuit Court for the Western District of Texas, and the defendant filed an amended original answer, and as special exceptions stated various grounds upon which it alleged the plaintiffs' original petition was insufficient, and, among other things, that all the items of the property charged to have been destroyed were not sufficiently described, and again pleaded the general issue; and also set up, with particularity, contributory negligence on the part of the plaintiffs.

Plaintiffs thereupon filed an amended petition, recapitulating with greater precision the items of the property alleged to have been consumed, which reduced the aggregate of the claim from $5970 to $4656.71, and prayed judgment for the latter amount and costs; "and for all such other and further relief as the said plaintiffs may be entitled to in the premises in law or equity."

To this amended petition the defendant interposed, on the 5th day of October, 1888, a second amended original answer and exceptions, reiterating the exceptions formerly taken, and, further answering, "by way of counterclaim and reconvention," charged that the plaintiffs were themselves guilty of negligence in keeping a dangerous lamp in a careless manner, by reason of which the fire was occasioned; and that thereupon the plaintiffs, "without probable or adequate cause," instituted this suit, and divers other parties have instituted and maintain suit against the defendant, by reason whereof the defendant has been compelled to pay out a large sum of money, to wit, three thousand dollars, for attorneys' fees and expenses in defending this and said other suits; and further, that by reason of said fire and the institution of said suits, the reputation of the defendant had become "damaged and bad, and defendant has thereby lost custom and business upon which it would have realized a net revenue of, to wit, five thousand dollars. Wherefore defendant says that it has been damaged by reason of the premises in the sum of eight thousand dollars, actual damages, and defendant pleads said damages herein by way of set-off, counterclaim and reconvention, and asks for judgment, etc."

On the same day, October 5th, plaintiffs filed an exception to the cross-demand. The case came on for trial on the 6th day of October, when the defendant's exceptions to the plaintiffs' petition were overruled, except the fourth special exception objecting that the bill of particulars was too vague, in respect to which the plaintiffs were allowed to amend at once, so as to meet such exception. The plaintiffs' exception to defendant's plea in reconvention and counterclaim was also sustained by the court, and the defendant excepted. A jury was called and trial had, resulting in the return of a verdict on said 6th of October in favor of the plaintiffs for the sum of $4300, "with interest from the 17th day of June, A.D. 1886," and judgment was thereupon rendered for the sum of $4300, and the further sum of $792.15, interest since the 17th day of June, 1886, making in all the sum of $5092.15 with costs; and the judgment record then proceeds thus: "And then come the plaintiffs and remit of and from the foregoing judgment the sum of four hundred and thirty-five dollars and fifty cents, leaving said judgment, as above rendered, to stand for the sum of four thousand six hundred and fifty-six dollars and sixty-five cents in favor of the said plaintiffs and against the said defendant; for which execution may issue." The charge of the court at length was filed the same day.

On the 8th day of October, 1888, a paper entitled "Defendant's Bill of Exceptions to the Charge of the Court" was filed, which commenced: "Now comes the defendant and excepts to the charge of the court to the jury, wherein and whereby the jury are instructed to find for plaintiffs, if at all, the value of the goods and property, together with eight per cent interest thereon from the time and date of such said destruction;" and after stating the reasons for objection to that part of the charge, thus concludes: "And for said reasons defendant objects and excepts to that portion of the charge of the court, and tenders herewith its bill of exception thereto and thereof, and asks that the same be signed and filed herein and made a part of the record in this cause, this 8th day of Oct., 1888."

And also another paper entitled "Bill of Exceptions tendered

by the Defendant," commencing: "Now comes the defendant in said above cause and excepts to that portion of the charge of the court to the jury relative and appertaining to defendant's interposition and allegation of contributory negligence, etc., etc.," stating the words excepted to, and concluding thus: "And defendant tenders this its bill of exception to such said charge so given by the court to the jury, and asks that same be signed and filed herein and made a part of the record in this said cause this 8th day of Oct., 1888." Both these papers were signed by the judge presiding.

There appears on the same 8th of October, a motion by the plaintiffs for leave to enter a remittitur for the sum of four hundred and thirty-five dollars and fifty cents, and an order of court allowing said remittitur as of the 6th day of October, 1888, and stating that the plaintiffs had on that day voluntarily remitted said amount of and from said judgment, but it not appearing to have been done in open court or with leave of the court, the plaintiff is now permitted, as of the 6th of October, to remit the amount in question; and it is ordered that the judgment of the 6th day of October, 1888, be corrected and reformed, so that upon the verdict and the remittitur the plaintiffs recover of the defendant the sum of four thousand six hundred and fifty-six dollars and sixty-five cents and costs, "and that this judgment take effect and be of force of and from the 6th day of October, 1888."

On the 9th of October, 1888, a motion for a new trial was overruled by the court, and the defendant excepted. To review the judgment the defendant sued out November 23, 1888, a writ of error from this court, and a motion is now made to dismiss the writ because the matter in dispute is less than five thousand dollars, with which is united a motion to affirm, "on the ground that, even if this court has jurisdiction, it is apparent that the questions involved are so frivolous as not to need further argument, and that the writ of error is sued out for delay only."

Sections 1351, 1352, 1354, 1355 and 1357 of the Revised Statutes of Texas are as follows:

"Art. 1351. Any party in whose favor a verdict has been

rendered may in open court remit any part of such verdict, and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted.

"Art. 1352. Any person in whose favor a judgment has been rendered may, in open court, remit any part of such judgment, and such remitter shall be noted on the docket and entered in the minutes, and execution shall thereafter issue for the balance only of such judgment, after deducting the amount remitted."

"Art. 1354. Where there shall be a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as amended.

"Art. 1355. Where, in the record of any judgment or decree of any court, there shall be any mistake, miscalculation or misrecital of any sum or sums of money, or of any name or names, and there shall be among the records of the cause any verdict or instrument of writing, whereby such judgment or decree may be safely amended, it shall be the duty of the court in which such judgment or decree shall be rendered, and the judge thereof, in vacation, on application of either party, to amend such judgment or decree thereby, according to the truth and justice of the case; but the opposite party shall have reasonable notice of the application for such amendment."

"Art. 1357. A remitter or correction made as provided in any of the six preceding articles shall, from the making thereof, cure any error in the verdict or judgment by reason of such excess." 1 Sayles' Texas Civil Statutes, 450, 451.

The record of the 6th of October states the remittitur in proper form and the judgment for $4656.65 thereupon, but if we are to understand that the remittitur of that date was believed to be ineffective because it did not appear to have been made in open court or with leave of court, it was entirely within the power of the Circuit Court, on the 8th of October,

at the same term and before any writ of error had been sued out, to correct the record according to the fact. As the judgment as it stands is for less than $5000, if there were nothing else in the case, we should grant the motion to dismiss. *Pacific Postal Tel. Cable Co.* v. *O'Connor*, 128 U. S. 394.

But it is contended that the plea or answer by way of reconvention or counterclaim affords sufficient ground for jurisdiction, and that the questions arising thereon cannot be disposed of on a motion to affirm.

Reconvention, as the term is used in practice in Texas, means a cross-demand, and the title of "Counterclaim," in the Revised Statutes of that State, is referred to by counsel as descriptive of such cross-action, which is more extensive than set-off, or recoupment.

Under this title, section 645 of the Revised Statutes of Texas provides:

" Whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counterclaim which he may have against the plaintiff, subject to such limitations as may be prescribed by law."

By section 649, if plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant is not permitted to set off any debt due him by the plaintiff; and if the suit be founded on a certain demand, the defendant is not permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the plaintiff's part.

Section 650 is in these words:

" Nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out of, or incident to, or connected with the plaintiff's cause of action." 1 Sayles' Texas Civil Statutes, 236, 237.

The present alleged counterclaim is founded on the converse of the same cause of action as that counted on by the plaintiffs, and inasmuch as the verdict and judgment determined that the defendant had been guilty of negligence, and that the

plaintiffs had not, it may be assumed that the defendant suffered no injury through the action of the court in sustaining the exception to it. Had the verdict been otherwise, the defendant might perhaps have complained that it had not been allowed to recover such damages on its cross-demand as could have been properly thereby claimed. A denial of the right of recovery over did not cut the defendant off from establishing plaintiffs' negligence, if it could. As that question was settled in plaintiffs' favor, the particular ruling became immaterial; but it may be added that the exception was properly sustained, because the recovery by the defendant, if successful on such a cross-action, would have been confined to the natural and proximate consequences of the act complained of, and would not have included such damages as are referred to in its pleading, and as therein claimed. *Plumb* v. *Woodmansee,* 34 Iowa, 116, approved in *Pinson* v. *Kirsh,* 46 Texas, 26.

It may be further remarked that the alleged bills of exception do not show that the exceptions were taken on the trial. While exceptions may be reduced to form and signed after the trial, they must appear affirmatively to have been taken before the jury withdrew from the bar. *United States* v. *Carey,* 110 U. S. 51, and cases cited.

Here it is expressly stated that the exceptions were taken on the 8th day of October, two days after the return of the verdict. This was too late, and as to the motion for a new trial, the action of the Circuit Court thereon was in the exercise of its discretion and cannot be reviewed here.

As the cross-demand was not set up until after the plaintiffs had been compelled by the defendant to make their items of loss more specific, and had thus reduced the amount claimed below the jurisdiction of this court, there is color for the contention on the part of the defendants in error that it was put forward for the purpose of giving this court jurisdiction. But assuming this not to have been so, and that the writ of error should not be dismissed, we are of opinion that

*The motion to affirm must be sustained under the circumstances, and it is so ordered.*