Argued 10 October, 1905 ; decided 6 February, 1906.

### ANNANS *v.* SEWELL.

84 Pac. 395.

APPEAL — RESERVATION OF GROUND OF REVIEW — NECESSITY OF EXCEPTION — TIME OF TAKING.

Under Section 169 of B. & C. Comp., defining an exception as an objection taken at the trial to a decision upon matter of law, an exception must be taken at the trial, in order to obtain appellate review of a ruling on testimony, and the subsequent allowance of such an exception by the trial judge does not cure the omission to take the exception at the proper time.

From Washington : THOMAS A. McBRIDE, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action of trover by Jennie Annans against J. W. Sewell, sheriff, and others, for the alleged conversion of personal property. The defendants admitted the conversion, but justified under a writ of execution issued on a judgment recovered by Wehrung & Sons against the plaintiff in the county court of Washington County. When the record of the proceedings in that action was offered in evidence by the defendants, the plaintiff objected to its admission because incompetent, immaterial and irrelevant. The objection was sustained, and, defendants declining to proceed further, the court instructed the jury to return a verdict in favor of the plaintiff, which was done accordingly. No exception was taken by the defendants to the ruling of the court in excluding the evidence at the time such ruling was made, but a few days later, the attention of the court being called to that fact, an exception was then

allowed, and the time extended in which to file a motion for a new trial. Such motion was subsequently filed and overruled, and judgment rendered in favor of plaintiff, from which defendants appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. John Milton Wall.*

For respondent there was a brief and an oral argument by *Mr. Samuel Bruce Huston.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

The plaintiff contends that no question is presented by the record for review, because no exception was taken to the ruling of the court in excluding the evidence at the time it was made, nor until after the return of the verdict. The statute defines an exception as "an objection taken at the trial to a decision upon matter of law," etc.: B. & C. Comp. § 169. And under such a statute the authorities seem to be uniform that, before the action of a trial court in admitting or excluding testimony can be reviewed on appeal, an exception must have been taken at the trial : *State* v. *Foot You,* 24 Or. 61 (32 Pac. 1031, 33 Pac. 537) : *Reese* v. *Kinkead,* 20 Nev. 65 (14 Pac. 871); *Turner* v. *Tuolumne County Water Co.,* 25 Cal. 397 ; *Russell* v. *Dennison,* 45 Cal. 337; *Austin* v. *Andrews,* 71 Cal. 98 (16 Pac. 546); Elliott, App. Proced. § 769 ; 2 Cyc. 721, 722, and authorities collated. "The rule is well established and of long standing," says Mr. Chief Justice WAITE, "that an exception, to be of any avail, must be taken at the trial. It may be reduced to form and signed afterwards; but the fact that it was seasonably taken must appear affirmatively in the record by a bill of exceptions duly allowed or otherwise": *United States* v. *Carey,* 110 U. S. 51 (3 Sup. Ct. 424, 28 L. Ed. 67). The reason of this rule is thus stated in *Kennedy* v. *Cunningham,* 2 Metc. (Ky.) 540 : "One of the leading characteristics of the provisions of the Civil Code

is the duty which they impose on the parties to the action to except to every proceeding in the cause and every decision of the court made during its trial that is deemed to be objectionable by either party. The policy of this requisition is obvious. Matters which are regarded as of little importance at the time, and are for that reason allowed to pass unnoticed, are thus finally disposed of, and cannot be afterwards relied upon as erroneous. Each party, by being apprised that the opposite party objects to some part of the proceedings, is thus put upon his guard, and has an opportunity afforded him of correcting the error, if one has been committed, or of avoiding it, if about to be committed." The requirement that exceptions must be noted during the trial is absolute and cannot be dispensed with: 2 Cyc. 715. And therefore the subsequent allowance by a trial judge of an exception to a ruling made during the trial does not cure the omission to take the exception at the proper time: *Kennedy* v. *Cunningham*, 2 Metc. (Ky.) 540; *Pacific Exp. Co.* v. *Malin*, 132 U. S. 531 (10 Sup. Ct. 166, 33 L. Ed. 450); *Dimmey* v. *Railroad Co.*, 27 W. Va. 32 (55 Am. Rep. 292). It follows that no question is presented by this record for review, and the judgment will be affirmed.                                    AFFIRMED.