a jury will have no unusual burden. "A party cannot be permitted to deprive his adversary of a trial by jury unless it affirmatively appears, with reasonable certainty, that the hearing of the case will require the examination of a long account. Code Civ. Proc. § 1013. It is not sufficient to uphold a compulsory order of reference to demonstrate that there is a possibility that in the course of the trial the investigation of the correctness of such an account may become necessary. Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. Facts must be disclosed, either by affidavit or upon the face of the pleadings, from which the conclusion can be fairly drawn that so many separate and distinct items of account will be litigated on the trial that a jury cannot keep the evidence in mind in regard to each of the items and give it the proper weight and application when they retire to deliberate upon their verdict." Spence v. Simis, 137 N. Y. 616, 33 N. E. 554. See, also, Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518.

It is apparent from the papers that the services can all be embraced under two heads, to wit: First, those rendered before the discovery of said embezzlement; and, second, those rendered after such discovery. They were all performed under one employment, and are the same in character. The fact that they extended over a period of years and were performed on many different days does not necessitate the examination of a long account, within the meaning of the statute.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.

---

(114 App. Div. 792)

### IRONCLAD MFG. CO. v. STEFFEN.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

JUDGMENT—DEFAULT JUDGMENT—OPENING—GROUNDS—ABSENCE.

Code Civ. Proc. § 724, permits the trial court to relieve a party from a judgment taken through his mistake, inadvertence, surprise, or excusable neglect. *Held*, that where defendant left the city when he was aware that the case was about to come on the day calendar, and paid no attention to a letter written him by his attorney and he could have been informed within an hour by telegraph that the cause was coming on for trial, it was proper to deny a motion to open a default taken against him.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 269–274.]

Appeal from Special Term, Kings County.

Action by the Ironclad Manufacturing Company against Paul Steffen. Appeal by defendant from an order denying a motion to open a default taken against defendant. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Isaac N. Miller, for appellant.
Nervin R. Lindheim, for respondent.

GAYNOR, J. This action was for goods sold and delivered. Section 724 of the Code of Civil Procedure permits the court to "relieve a party from a judgment, order or other proceeding taken against him

through his mistake, inadvertence, surprise or excusable neglect."
This is very far short of allowing the opening of defaults as a matter
of course, as some seem to suppose. Many have come to think that the
worst that can come from a default is the payment of $10 to open it. A
default is a serious matter. The diligent litigant who respects the rules
of court is entitled to protection against those who have little or no re-
gard for such rules. The case came on the day calendar on October
10th. By the calendar rules a cause is not tried the first day it is on
the day calendar, but is only called to see if it is ready, and to hear ex-
cuses or any application for postponement. By the said rule all such
excuses and applications have to be presented by affidavit, and oral
statements are not taken and are disregarded. If marked ready the
cause is passed until next day, when it goes upon the section of the day
calendar which is made up of ready causes only. The defendant's at-
torney did not submit any affidavit until October 13th, the cause not
having been yet reached for trial. This affidavit was that the defend-
ant was absent from home, and was either at Oran, or Queens, N. Y.,
and that he had written a letter to each place for him. The trial judge
refused to postpone the case. On October 16th it was reached for trial
and an inquest was taken against the defendant. In his affidavit to
open the default the defendant says he went to Oran on October 8th,
where he has a creamery, and that the first he knew of the cause being
reached was when he returned home on October 24th. He does not
say that he did not receive the letter of his attorney sent to him there.

The case was on the day calendar seven days, viz., from October
10th to October 16th, both inclusive. We must take notice that the
defendant could have been informed within an hour by telegraph and
probably by telephone that his case was on the day calendar, and that
he could and should have been present next morning. He was written
to by his attorney but failed to come back. There is no pretense that
the letter went astray in the mails. It is plain that the default was
suffered intentionally. This is confirmed by the opposing affidavits,
which show that the defendant's attorney said the defendant was too
busy a man to litigate the case, and that the said attorney consented to
the default. And on the 8th when the defendant says he went away it
was plain that the case was about to come on the day calendar.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.