SHERESHOFSKY v. CONTINENTAL GARMENT CO., Inc., et al.

(City Court of New York, Special Term. June 25, 1915.)

TRIAL ⬥⟾15—RESTORATION OF CAUSE TO GENERAL CALENDAR AFTER DEFAULT.
    Where an action was marked "Ready for trial" on the call calendar at
    the instance of plaintiff on April 9, 1915, and thereafter the cause ap-
    peared in the "reserved" portion of the calendar until June 15th, when it
    appeared on the day calendar, and, after a default judgment upon plain-
    tiff's failure to appear for trial, the default was opened on his showing of
    merits, but without excusing his failure to appear for trial, the case will
    be restored to the general calendar, to take position as last of the issues,
    as one whose own fault postpones a trial cannot claim precedence over
    other litigants.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 34, 35; Dec. Dig.
    ⬥⟾15.]

Action by Nathan Shereshofsky against the Continental Garment
Company, Incorporated, and others. On motion by plaintiff to vacate
a default. Granted on terms.

Isaac Siegel and Isadore I. Steinberg, both of New York City, for
the motion.
Bernstein & Lewis, of New York City (Max Bernstein, of New York
City, of counsel), opposed.

RANSOM, J. Upon payment of taxable costs and disbursements
to date, with $10 costs of this motion, the plaintiff's default in readi-
ness for trial will be opened, the judgment entered by the defendants
set aside, and the case restored to the general calendar, to take posi-
tion as last of the issues of this date. Due regard for the efficacy of
our calendar system, and for the right of other litigants to be heard
in turn, forbid that this plaintiff should be accorded another oppor-
tunity for an earlier trial.

The action is for damages for malicious prosecution and false im-
prisonment. On the call calendar of April 9, 1915, the action was, at

the instance of the plaintiff, marked "Ready for trial." In each issue of the Law Journal thereafter, the calendar number of this case appeared in the "reserved" portion of the calendar of Trial Term, Part 1, with the daily admonition to counsel that cases would be added to the day calendar, in order, from this reserved list; the number to be added to the day calendar of the following day to rest each morning in the discretion of the justice presiding over that calendar. Day by day the case at bar worked its way up through the "reserved" list, nearing the point of addition to the day calendar. Soon after June 7th the plaintiff's attorney of record employed counsel to conduct the trial. On June 15th the case appeared on the day calendar. The defendants, their counsel, and witnesses, were ready; the plaintiff, his attorney, his trial counsel, and his witnesses were not. No affidavit of reason for unreadiness or adjournment was presented; no reason in fact existed. The plaintiff, his attorney, and his counsel failed to come to court that day, or excuse their unreadiness and absence then; they have not excused it now. The moving papers make a sufficient showing of probable merit to justify according the case an opportunity for trial, but they present no sufficient reason or excuse for the failure to utilize the opportunity for trial afforded on June 15th, or to comply with the court rules as to affidavits for adjournment.

Where a default takes place under inexcusable circumstances, I do not think the case should be given any place on a day calendar which would otherwise be available to any case now awaiting trial on any calendar of this court. As was said by Mr. Justice Gaynor in Iron Clad Manufacturing Co. v. Steffen, 114 App. Div. 792, 100 N. Y. Supp. 196:

"The diligent litigant who respects the rules of court is entitled to protection against those who have little or no regard for such rules."

That protection should operate, not only for the benefit of the diligent litigant in the case in suit, but also the diligent litigants in all other causes, whose day of trial is deferred by the arrearage which still characterizes some of our calendars. The law and the calendar rules do not contemplate or undertake to provide for each case a continuing opportunity of trial until convenient for both litigants, or until both counsel chance to saunter into court on the same morning. Our calendar system undertakes to provide for each case a day of trial, an *opportunity* for trial when and as reached, unless substantial reason for adjournment is shown by affidavit, or unless fair reason for adjournment exists; but sudden and unforeseen contingencies prevent the carrying out of plans for the prompt presentation of such reason by affidavit as required by the rules. If this opportunity for trial is not availed of, then to restore the case ahead of other cases now on the calendar is unwarrantedly to postpone their opportunity, and to accord to the neglectful the day of trial which otherwise could be utilized by diligent litigants. Our day calendars are and must be made up on the assumption that cases marked "Ready" on the call calendar will be tried when reached, unless legal reason is shown. If litigants in a particular case fail to utilize that opportunity,

they should not in fairness be accorded another until all waiting cases have had their turn.

It may be said that such a rule sometimes operates unjustly to diligent defendants, such as those at bar, by forcing a year's undesired delay in the day of trial. The enforcement of the existing rule will tend greatly to lessen the number of such defaults, not only making all counsel more vigilant, but also leading counsel for diligent litigants to make certain that their adversaries are cognizant of the approach of the case to the day calendar. To discourage the not infrequent practice of some attorneys, in refraining from all communication with adversaries as time of trial draws near, on the hazard that the case will be overlooked and a default calling for payment of costs made possible would be most salutary. Counsel might well become reconciled to co-operating in insuring mutual readiness for trial on the day allotted. The firm enforcement of the present rule will unquestionably tend in that direction, and greatly reduce the very considerable waste of the time of the justices and court staffs, through the unreadiness of an adequate number of cases on even a too large day calendar.

It may happen that sometimes a deserving client will have his day of recovery deferred solely through fault of his attorney. That may be a risk which he assumes in his selection of counsel; his rights, if any, against a negligent lawyer, need not be here discussed. Almost every day, in almost every court, deserving litigants suffer far greater losses, through derelictions of their selected counsel, than could be inflicted by fair enforcement of this rule. The disadvantage to such a litigant from the present rule is decreasing as calendar arrearage continues to be reduced; its enforcement will unquestionably hasten the day when the present practice of virtually immediate trial on our commercial and short cause calendars will also prevail as to issues on the general calendar.

Submit an order granting the motion on the terms above indicated.