FRAAD TALKING MACH. CO., Inc., et al. v. EMPIRE MFG. CO.

(Circuit Court of Appeals, Second Circuit.  March 13, 1918.)

No. 167.

APPEAL AND ERROR &=544(1)—RECORD—NECESSITY OF BILL OF EXCEPTIONS.

A writ of error, which is accompanied by neither the judgment roll nor a bill of exceptions, presents no matter which can be reviewed by the appellate court.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Empire Manufacturing Company against the Fraad Talking Machine Company, Incorporated, and Daniel Fraad. Judgment for plaintiff, and defendants bring error.  Writ dismissed.

Louis E. Felix, of New York City, for plaintiffs in error.

Charles A. Ogren, of New York City, for defendant in error.

Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

HOUGH, Circuit Judge.  While it is plain enough of what plaintiff in error complains, its record has failed to present to us any controversy of which we can, under the law, take cognizance.  Plaintiff en-

tered a judgment on the law side of the court, and as we gather from the briefs the judgment was on a verdict. The writ is to that judgment, yet not even the judgment itself, much less the judgment roll, is contained in the record on the writ. It needs apparently mention (certainly no more) that, unless there be a bill of exceptions settled to present what is not in the judgment roll, a writ to the judgment brings up nothing but the regularity of entry—a matter determinable by inspection of the roll. A writ, accompanied by neither roll nor bill of exceptions, is a novelty which might well be dismissed without further comment.

The substance of the assignment of error is that, after judgment entered, the court below refused to vacate or cancel it, upon inspection of a stipulation or agreement of counsel, then first exhibited. By that writing the attorneys in this suit, after verdict, agreed to "settle" it by the Fraad Machine Company giving certain notes, one payable on demand, the others on time, and assigning certain accounts. The writing continues that, if default in payment of any note be made, judgment is to be entered in another action at law, then apparently pending in the courts of the state. The defendants agreed in substance "neither passively nor otherwise" to do anything "endangering the collection of plaintiff's claim"—i. e. in this suit (so far as we can see)—and, further, the Fraad Machine Company was, until said claim was paid in full, to render to plaintiff biweekly statements of sales, purchases, receipts, and disbursements, and give access to its books for purposes of examination. Defendant Fraad individually was not party to the suit in the state court, nor was he on the settlement notes. The plain object of the transaction was to give the Fraad Machine Company more time, and enable Fraad individually thereby to escape judgment.

After the execution of this written agreement, and before (apparently) even the demand note was paid, the Fraad Machine Company assigned for the benefit of creditors under the state act, and a petition in bankruptcy was then filed against it. Thereupon plaintiff entered judgment herein, and defendants, having moved to set the same aside and been denied, took this writ, making up a sort of record that would be imperfect upon appeal under New York Code of Civil Procedure from an order affecting a substantial right.

We dismiss this writ, with costs, because it brings up nothing we can either affirm or reverse; but as to the matter complained of we may add that in our opinion the assignment of the Fraad Company was distinctly a step that endangered the collection of plaintiff's claim, and it of course rendered impossible the giving of statements of business to plaintiff. In short, there was a breach that went far beyond mere failure to pay a settlement note, and amounted to a repudiation of the agreement by defendants. This entitled plaintiff to exercise the right given it by verdict, if there had ever been any other agreement in that respect than to give time. Further, in any view of the matter, it was an attorneys' agreement, against which the court could relieve on cause shown; there is nothing printed in the papers submitted which suggests any abuse of discretion in that regard.

Writ dismissed, with costs.