## GOLDFARB v. KEENER.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 127.

1. COURTS ☞356—FEDERAL APPELLATE PROCEDURE NOT GOVERNED BY CONFORMITY ACT.

The conformity statute (Rev. St. § 914 [Comp. St. § 1537]) does not extend to appellate proceedings in the federal courts, nor to bills of exceptions, as to which the practice is governed by Rev. St. § 953 (Comp. St. § 1590).

2. APPEAL AND ERROR ☞966(1)—CONTINUANCE ☞7—DISCRETIONARY WITH TRIAL COURT.

Granting or refusing a continuance is discretionary with the trial court, and its action is not subject to review, except for abuse of discretion.

3. APPEAL AND ERROR ☞248—NECESSITY OF EXCEPTIONS.

An assignment of error to the ruling of the trial court does not dispense with the necessity of an exception.

In Error to the District Court of the United States for the Eastern District of New York.

Action at law by Harry O. Keener, doing business as the Philadelphia Wrecking & Contracting Company, against Philip Goldfarb. Judgment for plaintiff, and defendant brings error. Affirmed.

Plaintiff below, as vendor, sued for breach of contract of sale. Defendant answered, and the case was regularly on the day calendar of the court, and plainly imminent for trial. This was the condition of things on a Monday, on which day defendant below, conceiving that business of importance called him to Ohio, went there, leaving his attorney to make excuses to the court.

On Wednesday the case was called, no reason for continuance was shown satisfactory to the trial judge, and trial ordered. Goldfarb's attorney of record excepted to the refusal of the court to grant postponement, and then left the courtroom. Plaintiff below adduced evidence, the case was given the jury, and verdict rendered for plaintiff. At that point attorney for Goldfarb returned to the courtroom, and asked and obtained a stay of execution on the coming judgment. Thereafter he took this writ, and by consent settled a "bill of exceptions," consisting of the stenographer's minutes of the proceedings in court.

Before taking his writ, however, Goldfarb twice moved the trial court, once before and once after judgment, to set aside the proceedings, or "open the default," and grant a new trial; both motions were denied. It is assigned for error in substance that (1) judgment was entered at all; (2) the "default" was not opened; and (3) damages were assessed on an erroneous theory of law. The transcript filed in and submitted to this court contains, not only the judgment roll and bill of exceptions, but also all the papers used on the motions to open the default.

Sydney Rosenthal, of Brooklyn, N. Y. (Geo. C. Lay, of New York City, of counsel), for plaintiff in error.

Robt. A. Inch, of New York City, for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). Doubtless "default" has come to be used by the bar of New York City to mean any act or omission (not amounting to consent) permitting or enabling an opponent to procure an unopposed advantage. But it recalls us to things fundamental to remember that in historic procedure it means the nonappearance of any party at court within the time prescribed by law to prosecute or defend. Bouv. Dic. (8th Ed.). In this proper sense Goldfarb suffered no default; he appeared and answered timely, and attended at trial in the only way he was required to attend, by attorney. That he preferred to ask a continuance, rather than a verdict, can only be called a default by a stretch of language; a deliberate refusal to proceed is not a "failing," which is the most general sense of the word.

A refusal to grant continuance, if followed by inquest or assessment is a judicial act, affecting a substantial right, and appeal, therefore, lies from the order embodying decision, under New York Code of Civil Procedure. Had Goldfarb done in the state court what he did below, the same result would probably have followed; but he could have appealed, as in Iron Clad, etc., Co. v. Steffen, 114 App. Div. 792, 100 N. Y. Supp. 196. The appeal under that case would have been

fruitless; but the point to be remembered here is that under the New York appellate system Goldfarb would have had the right to ask the higher court to measure or correct the discretion of the trial judge, i. e., to exercise its own discretion, and his record on appeal would have consisted of exactly the papers printed with, but not incorporated in, the present bill of exceptions.

[1] But the Conformity Act (R. S. § 914 [Comp. St. § 1537]) does not extend to appellate proceedings; they are regulated solely by acts of Congress, and a writ of error, accompanied only by such papers as just referred to, brings up nothing (Fraad, etc., Co. v. Empire, etc., Co., 250 Fed. 618, 162 C. C. A. 634); nor do they acquire merit by being printed between the same covers as a bill of exceptions. In legal contemplation, therefore, we have before us a writ and bill which contain exactly one exception, viz. that to the court's refusal to grant continuance.

A bill of exceptions is also unaffected by R. S. § 914 (In re Chateaugay, etc., Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508), and though the federal courts have a wide discretion in applying the Conformity Act (Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602), the practice of bills of exceptions is statutory (R. S. § 953, as amended; see U. S. Comp. Stat. § 1590), and must be followed as the statutes have been interpreted by courts mindful of the Seventh Amendment and historic law. See Nalle v. Oyster, 230 U. S. 176, 33 Sup. Ct. 1043, 57 L. Ed. 1439, and Ana Maria, etc., Co. v. Quinones, 251 Fed. 504, 163 C. C. A. 493.

[2] Upon examining, therefore, so much of the pamphlet laid before us as consists of the judgment roll and bill of exceptions, we find the roll regular, and the single exception taken fully disposed of by Goldsby v. United States, 160 U. S. 72, 16 Sup. Ct. 216, 40 L. Ed. 343, holding that the action of a trial court on application for continuance is purely matter of discretion, and not subject to review by this court, unless it be clearly shown that such discretion has been abused. Abuse of discretion, means at the least refusal to obey or follow plain judicial precedent in matter of law, including customary law; therefore it is error of law, and that is the sole reason why it is reviewable by writ of error.

There was no abuse in this instance; indeed, we think proper traditions of discipline were maintained. It follows that the refusal to grant continuance was a lawful exercise of discretion, and is therefore not reviewable here. The error alleged in respect of a refusal to open "default" is (a) only another way of presenting the same point; and (b) is not properly before us, because embodied in no bill of exceptions. For a similar reason we cannot look into the method of assessing damages, viz.: It is covered by no exception.

[3] It seems to be thought that an assignment of error should dispense with the necessity of exception. This is a fundamental mistake, whether the practice be at law in the United States courts or under the New York Code of Civil Procedure. In order to consider exceptions, "they must appear affirmatively to have been taken before the jury withdrew from the bar." Pacific, etc., Co. v. Malin, 132 U. S.

538, 10 Sup. Ct. 168, 33 L. Ed. 450. This defendant below, by his attorney, deliberately refused to take any exception, leaving the court to pursue the practice approved in the trial courts of New York as long ago as Patten v. Hazewell, 34 Barb. 421—viz., testimony was taken and submitted to a jury.

Thus the proceedings in the trial court were correct in respect of practice, whether that practice be regarded as at common law or under the New York Code. Such being the case, errors committed at the trial are reviewable only by writ of error, which presupposes and assumes a bill of exceptions. On this point this court has spoken so frequently that nothing but persistent neglect of fundamental rules justifies repeated citations. We have pointed out that mere transcripts of minutes stenographically taken are improper. Radford v. United States, 129 Fed. 50, 63 C. C. A. 491; Fraina v. United States, 255 Fed. 30, 166 C. C. A. 356; Linn v. United States, 251 Fed. 483, 163 C. C. A. 470. When, as is so often the case, the point submitted is that there is no evidence (which does not mean sufficient weight of evidence) to support the verdict, the bill of exceptions must affirmatively show that it contains all the testimony that was heard or produced at the trial (Elliott v. Canadian, etc., Co., 161 Fed. 250, 88 C. C. A. 286); and we have recently reviewed the history and function of a bill of exceptions in Buessel v. United States, 258 Fed. 815, —— C. C. A. ——.

Judgment affirmed, with costs.