[Civ. No. 3573.   Second Appellate District, Division Two.—December 29, 1921.]

G. N. HAMILTON et al., Respondents, v. CONSOLIDATED WATER COMPANY OF POMONA (a Corporation), Appellant.

[1] WATERS AND WATER RIGHTS—DEED—CONTEMPORANEOUS CONTRACT—QUALIFICATION OF INTEREST — EFFECT OF.—Where a grantee to whom the grantors had conveyed the absolute right to a certain amount of water did not join in the execution on the same day of what purported to be a contract between the grantors and the grantee qualifying the grantee's interest in the water, the grantee's rights were not impaired by such contract.

[2] ID.—RIGHTS OF SUCCESSORS IN INTEREST—CONSTRUCTIVE NOTICE.—The rights of the successors in interest of such grantee were not affected by a subsequent deed made by the grantors to the wife of the grantee which made express reference to the contract on the theory that they were given constructive notice of the contract by the recordation of the deed, since the deed was only constructive notice of its own contents.

[3] EVIDENCE — ORAL EVIDENCE — TITLE TO REAL PROPERTY.—Section 1849 of the Code of Civil Procedure, providing that where one derives title to real property from another the declaration, act, or omission of the latter, while holding the title, in relation to the property, is evidence against the former, does not change the rule that parol evidence cannot contradict or modify the legal effect of a written instrument.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Nichols, Cooper & Hickson for Respondents.

CRAIG, J.—This suit involves the ownership to six and one-half inches of water measured under a four-inch pressure, to quiet title to which the action is brought. The water in question is produced from tunnels in section 3, township 1 south, range 8 west, S. B. M., which are on the property of the defendant. The plaintiffs also seek to enjoin the defendant from diminishing or interfering with the de-

livery of the six and one-half inches of water which the plaintiffs claim to own collectively. The defendant admits that the plaintiffs have an interest in said six and one-half inches of water, but claim that it consists of merely the right to six and one-half one hundred and seventeenths parts of the output of the said tunnels as they existed on the twenty-eighth day of January, 1895, and that the interest of the plaintiffs is subject to the right of the defendant to diminish the delivery of said six and one-half inches proportionately whenever the output of said tunnels falls below 117 inches.

It appears, without contradiction, that on the twenty-eighth day of January, 1895, Peter Flemming and James Beckett and J. T. Brady were the owners of the tunnel and the pipe-line running between the east one-half of the southwest one-fourth of section 3, and the west one-half of the southeast one-fourth of that section and of the further right to develop water and rights of way for pipe-lines. On that date they executed a deed to M. B. Campbell, conveying to him six inches of water. The following is an excerpt from the deed, which is important in the decision of this case as description of the property conveyed: "six inches (6) of water to be taken from that body of water now developed on the east one-half (E. ½) of the southwest one-quarter (S. W. ¼) of section 3, township 1 south, range 8 west S. B. M., and the west one-half (W. ½) of the southeast one-quarter (S. E. ¼) of said section, one-half (½) inch of said above six (6) inches to be of continuous flow for domestic purposes, to be used upon and to be appurtenant to certain lands in said deed described." On the same date Flemming and Beckett executed an instrument in writing with reference to which the court found as follows: "That on Jan. 28th, 1895, Peter Flemming and James Beckett, being two of the grantors named in said deeds, signed and acknowledged a certain agreement dated Jan. 28, 1895, providing that said Flemming and said Becket and M. B. Campbell were to build at their own joint expense a reservoir for water located upon the lands to which said 6 inches of water are declared to be appurtenant, and agreeing that there was then flowing in a tunnel from which said 6 inches of water was to be taken, 117 inches of water, and providing that, in case the said 117 inches of flow should decrease in volume,

then the 6 inches conveyed to said M. B. Campbell while such decrease in the main body continued, should be reduced in proportion that 6 inches bears to 117 inches, in such decrease, and that the actual flow of water from said tunnel should be accurately measured at 10 o'clock on the 16th day of July of each year, and providing that the increase or augmented water arising from the extension and continuation of said tunnels and other water development should also be measured on the 16th day of July, as aforesaid, and in case of such augmentation the entire water found after such increase shall be taken thereafter as the basis on which the said six inches should decrease, if at all, in case of the falling away from any cause of the water in the tunnel thereafter.'' This writing was not signed by Campbell but was signed by Flemming and Becket as parties of the first part. However, it was recorded in the office of the county recorder of Los Angeles County in the book of deeds on the fourteenth day of February, 1895, and after the recording of the deed to the six inches of water first mentioned. It was introduced as a part of the evidence of the defendant. Both of these instruments were recorded before Campbell transferred the water rights in question.

It further appears that on the first day of June, 1896, Flemming and Becket and Brady executed a deed to Hannah E. Campbell, who was the wife of M. B. Campbell, conveying one-half inch of water from the body of water then developed on the said east one-half (E. $\frac{1}{2}$) of the southeast one-fourth (S. E. $\frac{1}{4}$) of said section three (3) and the west one-half (W. $\frac{1}{2}$) of the southeast $\frac{1}{4}$ of said section. This deed contains the following provision: ''Said $\frac{1}{2}$ inch of water is to be taken by party of the third part in a continuous flow, and is granted subject to all the benefits running with and subject to all the burdens, limitations, and restrictions attached or imposed upon that certain six inches of water set out and mentioned in that certain contract which is recorded in book 989, page 242 of deeds, Los Angeles county records, the same as if $6\frac{1}{2}$ inches of water had been sold at that time by the parties of the second part and had been set out in said contract.'' This deed was duly recorded. The contract to which reference is therein made is the one executed by Flemming and Becket only, and which we will designate as the ''contract'' to

distinguish it from the other instrument involved. The plaintiffs deraign their title from M. B. Campbell and Hannah E. Campbell.

In addition to claiming title by virtue of the deeds, the plaintiffs also assert a right by prescription. The court's finding was favorable to the plaintiffs in this regard. Appellant insists that this finding was not supported by the evidence. As to whether or not plaintiffs had actually received six and one-half inches of water measured under a four-inch pressure without diminution during all of the period of fifteen years, there was some conflict in the testimony. In so far as that element is concerned, the finding of the trial court will, therefore, not be disturbed. But appellant points out that the evidence fails to show that there was any occasion upon which the defendant was called upon to deny the existence of the plaintiff's alleged right or when the defendant was injured by allowing the plaintiff to use the entire six and one-half inches of water.

[1] But the entire claim of title by prescription will be disregarded, for we think the decision must be upheld because the plaintiff's ownership of six and one-half inches of water was clearly established by the proof of the execution, delivery, and recording of the deeds to M. B. Campbell and Hannah E. Campbell. The legal effect of the first of those deeds was to transfer to Campbell an absolute right to the six inches of water measured under a four-inch pressure. This right was not impaired by the execution of the "contract" on the same date, to which Campbell was not a party, which purported to qualify his interest in the property in question.

[2] The appellant asserts that although M. B. Campbell did not sign the "contract," nevertheless he was bound thereby because of the following facts: First, he stated to the witness Lindsay, one of his employees, that when the water went below 117 inches, he was to stand his portion of the loss. Lindsay testified that "Campbell said this to him on several occasions after the deeds and instrument in writing were executed"; second, Campbell accepted title to the one-half inch of water previously conveyed under the deed to Hannah E. Campbell, which expressly referred to the writing of January 28, 1895. It is not claimed that the plaintiffs, or any of them, had actual knowledge of the conversation

between Campbell and Lindsay or of the existence of the "contract." However, appellant contends that they were given constructive notice of it through the deed to Hannah E. Campbell. But the deed to Hannah E. Campbell was constructive notice only of its own contents and of the document referred to by it. (*Davis* v. *Ward,* 109 Cal. 186 [50 Am. St. Rep. 29, 41 Pac. 1010]; Pomeroy's Equity Jurisprudence, sec. 654.) But if plaintiffs had examined the record they would have discovered only an instrument which was ineffectual to bind M. B. Campbell.

With reference to the one-half inch of water conveyed to Hannah. E. Campbell, the court found, and in its judgment determined, that the plaintiffs own it subject to the right of diminution as asserted by the defendant. In this, its decision was also correct, for this deed especially refers to the "contract," and, therefore, incorporates it in the deed itself. The two instruments are to be construed as one.

The cases cited by appellant are all distinguishable from the one at bar. Some of them hold that oral statements of the owner of real property may be introduced to prove a boundary line. Such statements do not vary the terms of the written instruments purporting to convey the real property involved. They are competent to identify the land transferred; to apply the description in the deed to the thing designated as alienated. The following are of this class: *Austin* v. *Andrews,* 71 Cal. 98 [16 Pac. 546]; *Sharp* v. *Blankenship,* 79 Cal. 411 [21 Pac. 842]; *People* v. *Blake,* 60 Cal. 497. Another group holds that statements which are a part of the *res gestae* of the transaction are admissible. (*Draper* v. *Douglass,* 23 Cal. 347.) Others announce the law to be that where the instrument is uncertain, declarations of the parties to it made under certain circumstances should be received in evidence to explain the ambiguity and thus aid in giving effect to the true intent of the parties. Among these cases are: *Draper* v. *Douglass, supra; Stanley* v. *Green,* 12 Cal. 148; *Williams* v. *Harter,* 121 Cal. 52 [53 Pac. 405]. Still other cases relied upon by appellant announce the principle in variously worded phrases as declared in section 1849 of the Code of Civil Procedure, which reads: "Where, however, one derives title to real property from another, the declaration, act, or omission of the latter, while holding the title, in relation to the property, is evi-

dence against the former.'' But none of these cases apply here. The instant suit does not involve the identification of the property deeded to Campbell. In it we are not concerned with the explaining of ambiguities, for the deed is definite and certain in expressing the intent to convey an absolute ownership of six inches of water; nor can this case be reversed because of a failure upon the part of the trial court to observe the provision of section 1849 of the Code of Civil Procedure, for the witness Lindsay was permitted to testify to the oral statements of Campbell. That section does not attempt to say what weight shall be given to such declarations of the former owner, nor to set aside other rules of evidence. (*Frink* v. *Roe*, 70 Cal. 296 [11 Pac. 820].) [3] The rule that parol evidence cannot contradict or modify the legal effect of a written instrument remains unchanged by section 1849 of the Code of Civil Procedure. Although admissible, Campbell's purported statements cannot be allowed to modify the deed to him, yet this is the result which appellant has endeavored to bring about through their introduction.

As to the six inches of water in dispute, plaintiffs established their case by proof of the execution of the deed conveying it to Campbell. The defendant introduced no evidence which showed a reconveyance of this property or any part of it. The burden was upon it to do so; having failed, the trial court properly gave judgment for the plaintiff.

Appellant does not object to the court's decision concerning the one-half inch of water litigated.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.