## CO-OPERATIVE OUTFITTING CO. v. GERTNER et al.

(Supreme Court, Appellate Term. November 12, 1909.)

CONTRACTS (§ 349*)—ACTIONS—EVIDENCE.

In an action to recover $800 under a written agreement providing that, if S. should receive rent for the month of January for certain premises and give a receipt therefor on or before January 5th, the $800 should be paid to plaintiff, the latter was entitled to show that S. was ready and willing to take the rent and give the receipt, and that through defendant's fault the agreement was not carried out.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 349.*]

Appeal from City Court of New York, Trial Term.

Action by the Co-operative Outfitting Company against Herman Gertner,·impleaded, etc. Judgment for defendant Gertner, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Samuel Packard, for appellant.

McCurdy & Yard (Delos McCurdy, of counsel), for respondent.

PER CURIAM. The action was originally against one Cohen. The complaint alleges that said Cohen received $800 from defendant Gertner, a debtor of plaintiff, upon the express agreement that said Cohen should pay over said money to plaintiff, which he did not do. The action was discontinued as to Cohen upon his paying into court the $800, and Gertner substituted in his place. The latter claims that the $800 was to be paid to plaintiff only upon certain written conditions, specified in Exhibit A annexed to the answer, which conditions were not fulfilled, and that the $800 belong to said defendant. A verdict was directed for defendant, and the complaint was dismissed, with costs. The plaintiff appeals.

The written agreement provided that, in the event that Samuel J. Silverman should receive rent for the month of January, 1907, for premises 79 Canal street, and give a receipt therefor on or before January 5, 1907, to plaintiff, then the $800 were to be paid to plaintiff. No rent was received, and no receipt given; but plaintiff sought to show that Silverman was ready and willing to take the rent and give the receipt, but was not allowed to do so, and the questions were ruled out. Silverman was permitted, however, to testify that no con-

---

versation was had as to rent in January, 1907, and that no rent was tendered. If it could have been shown that it was the fault of defendant that the agreement was not carried out, the plaintiff should not suffer by reason of the fact that the rent was not paid and no receipt given. It seems to us that the court erred in refusing to allow evidence with regard to the nonpayment of rent and the nonexistence of the required receipt.

There are other errors in the case which need not be discussed, as the one above stated requires a reversal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.