VENTIMIGLIA v. TOMPKINS-KIEL MARBLE CO.

(Supreme Court, Appellate Term.   December 8, 1910.)

1. COURTS (§ 190*)—ORDERS APPEALABLE—DENIAL OF MOTION FOR REARGUMENT.

An order of the Municipal Court denying a motion for reargument of a motion is not appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 189*)—DEFAULT JUDGMENT—SETTING ASIDE—GROUNDS.

A default judgment in the Municipal Court will not be set aside merely for the failure of defendant to appear on the day set for trial, through an oversight in placing the date of the trial on the diary in defendant's office; the oversight occurring not only when the trial of the case was marked in the diary, but also when the attorney of defendant failed to note in his diary that the case had been set for a fixed day as changed by him.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—DEFAULT JUDGMENT—SETTING ASIDE—GROUNDS.

The discretion of the court in ruling on a motion to open a default judgment in Municipal Court, is not unlimited; but a party in default must show a valid reason for his failure to appear at the time fixed for trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court of New York.

Action by Giuseppe Ventimiglia against the Tompkins-Kiel Marble Company. From an order of the Municipal Court denying a motion to open the default, and from an order denying motion for reargument, defendant appeals. Appeal from order denying motion for reargument dismissed, and appeal from order denying motion to open default affirmed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

W. C. Damron, for appellant.
Vitale & Vitale, for respondent.

PLATZEK, J. A stipulation was entered into between the attorneys for the respective parties herein setting down the case for trial upon July 26, 1910. This stipulation was made upon condition that appellant's counsel should attend court and answer and adjourn the case when called. On July 20, 1910, the plaintiff's attorney received a letter from defendant's attorney saying that, as there was to be no court on July 26, 1910, the case had been set down for the next day. On July 27th, no one appearing for the defendant, the plaintiff took judgment by default. Upon a motion made to open such default the only excuse made by the defendant for its failure to appear upon the day set for trial was:

"That through an oversight the said case was put upon the diary in defendant's office for August 2, 1910, being two weeks from July 19th, instead of one week, as provided in the stipulation."

The motion was denied, as was also a motion for a reargument of such motion; and from the order denying the motion to open the default, and from the order denying the motion for a reargument of such motion, the defendant appeals.

As no appeal lies from an order denying a motion for a reargument, such appeal must be dismissed. Percy v. Sire (Sup.) 119 N. Y. Supp. 225.

The excuse offered is clearly insufficient to open the default. It is quite evident that the "oversight" occurred, not only when the trial of the case was marked in the attorney's diary for two weeks, instead of one week, but also when defendant's attorney failed to note in his diary that the case had been set for July 27th, instead of July 26th, and, although the defendant's attorney himself changed the day fixed for trial from July 26th to July 27th, he nowhere states in his moving papers that he had knowledge of such change, but avers that the judgment was taken against his client on July 26th. No reason whatever is offered for defendant's failure to appear upon July 27th. The justice in the lower court was correct in denying the motion. The court has a certain discretion in granting or refusing such motions; but it has not unlimited discretion, and a party in default should show a valid reason for failure to appear, or his motion should be denied.

"A default is a serious matter. The diligent litigant, who respects the rules of the court, is entitled to protection against those who have little or no regard for such rules." Ironclad Mfg. Co. v. Steffen, 114 App. Div. 792, 793, 100 N. W. Supp. 196.

Appeal from order denying motion for reargument of motion dismissed, with $10 costs. Order denying motion to open default affirmed, with costs, with leave to the defendant to renew upon payment of such costs within five days. All concur.